ROGERS *v.* UNITED STATES

APPEAL FROM THE COURT OF CLAIMS

No. 153. Argued January 20, 21, 1926.—Decided March 1, 1926.

1. The Army Reorganization Act of June 4, 1920, should be liberally construed to avoid unnecessary technical limitation upon the military agencies which are to carry it into effect. *French* v. *Weeks*, 259 U. S. 326. P. 160.

2. The requirement of the Act that an officer before a court of inquiry shall be furnished with a full copy of the official records upon

which his proposed classification as an officer who should not be retained in the service is based, was sufficiently complied with to avoid invalidating the proceedings where the officer was furnished, for his own keeping and use, a copy of everything adverse to him in his record, and was given full opportunity in the court of inquiry to consult his entire record. P. 160.

3. A court of inquiry, under this statute, reported in favor of an officer, but the final classification board, having before it the record from the court of inquiry, decided otherwise, finally classifying him as one who should not be retained in the service. *Held* that the fact that the court of inquiry discouraged the officer from adducing cumulative testimony in disproof of charges which that court declined to consider because they had never been presented to him, did not invalidate the final classification, since it was not to be presumed that the final board would consider those charges under the circumstances, and since the officer's counsel, if he deemed the evidence material and important, would have insisted on its production before the court of inquiry. Pp. 161, 162.

4. On an appeal from a judgment of the Court of Claims upholding proceedings of military tribunals leading to claimant's retirement from the Army, as to whicn it is objected that the record sent from the court of inquiry to the final classification board was defective, this Court derives its knowledge of the contents of such record from the findings of the Court of Claims. P. 162.

59 Ct. Cls. 464, affirmed.

APPEAL from a judgment of the Court of Claims rejecting a claim for additional pay, made by a retired army officer upon the ground that the order for his retirement was illegal and void.

*Mr. Nathan William MacChesney,* for appellant.

*Mr. Blackburn Esterline,* Assistant to the Solicitor General, with whom *Solicitor General Mitchell* was on the brief, for the United States.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

Wilbur Rogers was a Major of Field Artillery in the Regular Army of the United States until January 26,

1921, when by an order of that date, issued by the Secretary of War, he was placed on the retired list, under section 24b of the Act of June 4, 1920. On the ground that the order was illegal and void, he brought this action in the Court of Claims to recover the difference between the pay and allowances of a Major of Field Artillery on the active list, from January 26, 1921 to January 26, 1922, and the retired pay for the same period which he actually received, this difference amounting to about $4,300. A general traverse was entered and the issues were heard and findings of fact made by the court.

The Act of June 4, 1920, 41 Sta.. 759, 773, c. 227, commonly called the Reorganization Act, provides:

"Sec. 24b. Classification of Officers.—Immediately upon the passage of this Act, and in September of 1921 and every year thereafter, the President shall convene a board of not less than five general officers, which shall arrange all officers in two classes, namely: Class A, consisting of officers who should be retained in the service, and Class B, of officers who should not be retained in the service. Until otherwise finally classified, all officers shall be regarded as belonging to Class A, and shall be promoted according to the provisions of this act to fill any vacancies which may occur prior to such final classification. No officer shall be finally classified in class B until he shall have been given an opportunity to appear before a court of inquiry. In such court of inquiry he shall be furnished with a full copy of the official records upon which the proposed classification is based and shall be given an opportunity to present testimony in his own behalf. The record of such court of inquiry shall be forwarded to the final classification board for reconsideration of the case, and after such consideration the finding of said classification board shall be final and not subject to further revision except upon the order of the President. Whenever an officer is placed in Class B, a board of not less than three

officers shall be convened to determine whether such classification is due to his neglect, misconduct or avoidable habits. If the finding is affirmative, he shall be discharged from the Army; if negative, he shall be placed on the unlimited retired list with pay," etc.

The Court of Claims found that the law had been complied with and dismissed the petition.

The grounds relied on by the petitioner for the appeal, as stated in his brief, are,

First, that plaintiff was prevented by military law from going forward before the court of inquiry with testimony which he desired to give, which was necessary to meet the adverse charges in his record which were before the court of inquiry and the *prima facie* case made out against him by the provisional classification board.

Second, that the record of the court of inquiry was not a complete record as required by law, in that there is no mention of the peremptory closing of the court, and nothing to show that the new evidence which Major Rogers desired to give was excluded.

Third, that the court of inquiry made an error of law when it assumed that it could arbitrarily exclude the testimony of Major Rogers and other witnesses, once it had determined to recommend that Major Rogers be retained on the active list, inasmuch as its decision was not final, as shown by the case and provided by the statute.

Fourth, that the Court of Claims made an error of law when it made a finding of fact that Major Rogers was excused as a witness and did not complete the testimony which he desired to give, although he was not prevented from doing so by the court.

After the preliminary board of classification had classified the plaintiff in class B, he applied for opportunity to appear before a court of inquiry, which was duly appointed and convened at Chicago, November 20, 1920. He was assisted by counsel, Lieutenant Colonel Horace F.

Sykes of the Infantry. The plaintiff was furnished with copies from the official records of his service, which copies contained only the unfavorable portions of his record upon which the action of the board was based. The plaintiff thereupon applied to the War Department for the complete record of his service, but his request was not granted. He was however permitted to read the complete record of his service prior to the meeting of the court of inquiry and during its proceedings. It was a complete record of plaintiff's services as an officer of the Army from the date of his first commission therein to the date of the convening of said court of inquiry.

The plaintiff called to the attention of the court of inquiry certain charges preferred against him by Colonel Harry C. Williams, of the Field Artillery, as shown in the record. The court heard the plaintiff upon these charges, but discouraged any further evidence relative thereto, upon the grounds stated by the president of said court in his evidence before the Court of Claims that the court had received instructions to disregard any charges against any officer who had not been brought to trial on any charges, or to whom the charges had not been read. The plaintiff had testified that he had never been acquainted with these charges until he was notified that he had been put in class B.

While the plaintiff was on the witness stand testifying in reference to adverse reports in his record, the court through its president stated " That will be all," whereupon he was excused as a witness and did not complete the testimony which he desired to give, although, as the Court of Claims finds, he was not prevented from doing so by the court.

During the course of the hearing before the court of inquiry the presiding officer addressed plaintiff's counsel as follows:

" It is the suggestion of the court, merely a suggestion, you understand, that counsel rest his case."

Counsel for the plaintiff thereupon stated to the court that he had more evidence that he desired to submit, whereupon the presiding officer stated:

" I wish to repeat that it is the suggestion of the court that counsel rest his case."

Thereupon the counsel for the plaintiff again stated to the court that he had other evidence, and that there were six witnesses in the building whom he desired to call, and a seventh witness who was in the city and waiting to be called by telephone. The presiding officer thereupon stated emphatically, striking his hand forcibly on his desk:

" I wish to reiterate that it is the suggestion of the court that counsel rest his case."

The plaintiff thereupon closed his case. At the time, plaintiff had, in the same building wherein the court was sitting, six witnesses, and a seventh witness, an army officer, waiting to be notified by telephone to appear. These witnesses would have testified as to the charges which the court had decided to ignore, but were not called by the plaintiff. The Court of Claims finds that the plaintiff made no protest to the court because they were not called.

A copy of the official records was incorporated in the record of the court of inquiry. The court ruled as a matter of law that a favorable efficiency report could be discussed but should not be incorporated in the record of the court, because these reports were on file in the War Department and would be considered, as they were, by the final board of classification.

At the conclusion of the hearing the court of inquiry made the following determination:

" The court is of the opinion that Major Wilbur Rogers should not be continued in class B."

It appears that the plaintiff, by mail, having received the record of the court of inquiry, complained to the

recorder of the court that the record contained errors, but. that the recorder refused to rectify them.

The final classification board, after considering the record received from the court of inquiry as additional evidence, finally classified the plaintiff in class B.

It does not appear to us that there is anything in the findings of the Court of Claims to show that the proceedings by which the plaintiff was classified in class B were rendered invalid. This Court has had occasion to consider the Reorganization Act under which this retirement was ordered. In the case of *French* v. *Weeks,* 259 U. S. 326, 327, 328, we said:

" The Army Reorganization Act is intended to provide for a reduction of the Army of the United States to a peace basis while maintaining a standard of high efficiency. To contribute to this purpose, Congress made elaborate provision in the act for retaining in the service officers who had proved their capacity and fitness for command, and for retiring or discharging those who, for any reason, were found to be unfit. Every step of this process is committed to military tribunals, made up of officers, who by experience and training, should be the best qualified men in the country for such a duty, but with their action all subject, as we shall see, to the supervisory control of the President of the United States.

" Not being in any sense a penal statute, the act should be liberally construed to promote its purpose, and it is of first importance that that purpose shall not be frustrated by unnecessarily placing technical limitations upon the agencies which are to carry it into effect."

It is conceded on behalf of the plaintiff that the procedure required by the statute was followed in the organization of the boards and the court of inquiry. It was objected in the court below and in the assignments of error here that the plaintiff was not furnished with a copy of the official records in the court of inquiry upon

which the proposed classification was based.  As a matter of fact, he was furnished with a written copy for his own keeping and use of everything that was adverse to him in his record, and he was given in the court of inquiry a full opportunity to consult a copy of his entire record.  We do not think that the difference between what was required by the statute and what was actually afforded him in the matter was of sufficient substance to invalidate the proceedings.

The chief complaint of plaintiff, when the briefs in his behalf are analyzed, is that he was prevented by the court from introducing additional evidence of cumulative character to disprove charges which the court of inquiry, upon the statement in the plaintiff's own evidence that he had never been presented with the charges and never been called upon to answer them, completely ignored. . The court did so, as explained by the president of the court of inquiry, in accordance with instructions received by the court to disregard any charges against any officer who had not been brought to trial on them or to whom they had not been read.  The recommendation of the court of inquiry was that the plaintiff be retained in class A.  This was doubtless the reason why the court of inquiry did not think it necessary to call additional witnesses, especially in reference to a subject matter that could not affect the standing of the officer.  In the absence of any other circumstances, and in the face of the presumption of regularity that must obtain in proceedings of this sort, we can not assume that the final board of classification considered as a basis for putting the plaintiff in class B, charges which had never been presented to him, charges which he denied, and charges which the court of inquiry ignored.

It is claimed that the plaintiff was injured by the failure of the recorder of the court to include in the record of the court of inquiry the colloquy between the plaintiff and his

100569°—26——11

counsel, on the one hand, and the court of inquiry on the other,. with reference to discontinuing the hearings. We do not think that, if the colloquy had been put in the record, it would have made any substantial difference in its effect. We have no means of knowing exactly what the record of the court of inquiry as forwarded to the board of final classification contained except from the findings of the Court of Claims, which shows that it contained all that the plaintiff put in in the way of records and documents and his evidence. In view of this we can not assume that the complaint by the plaintiff that the record was defective was well founded.

The Court of Claims found that the plaintiff was not prevented from putting in the additional evidence on the charges which were subsequently ignored. It is argued to us that the attitude of the court was in effect and as a matter of military law a military order preventing the submission of further evidence and making it a military offence for the plaintiff to have insisted on introducing his witnesses. Were the matter important, we should have difficulty in yielding to such a view. The Court of Claims finds in effect that the action of plaintiff in not producing further evidence was voluntary acquiescence by him in the suggestion of the court. He had counsel who presumably knew his rights under the statute, and if such evidence was deemed material and important, we must assume that the counsel would have asserted his right and insisted on the production of the evidence.

Much of the briefs of counsel for the plaintiff in error is made up of statements based on, and quotations from, the evidence before the Court of Claims. We can not consider this. We are limited to the findings of the Court of Claims. *United States* v. *Smith*, 94 U. S. 214; *Stone* v. *United States*, 164 U. S. 380; *Crocker* v. *United States*, 240 U. S. 74, 78; *Brothers* v. *United States*, 250 U. S. 88, 93.

There is nothing in the record before us which would justify us in holding the proceedings invalid. The judgment is

*Affirmed.*