## JACOB REED'S SONS *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 63.   Argued January 6, 1927.—Decided January 24, 1927.

The Dent Act (March 2, 1919) gave no cause of action on contracts
made without authority, or on dealings which did not ripen into a
contract. P. 202.

60 Ct. Cls. 97, affirmed.

APPEAL from a judgment of the Court of Claims re-
jecting a claim for actual loss suffered by the claimant in
renting and equipping a factory, during the World War,
to make uniforms for the Government.

*Mr. Frank Davis, Jr.,* for the appellant.

*Solicitor General Mitchell* and *Assistant Attorney Gen-
eral Galloway* were on the brief for the United States.

MR. JUSTICE BRANDEIS delivered the opinion of the
Court.

This is an appeal under § 242 of the Judicial Code from
a judgment for the United States entered by the Court

of Claims, before the effective date of the Act of February 13, 1925, c. 229, 43 Stat. 936. The suit was brought under the Dent Act, March 2, 1919, c. 94, 40 Stat. 1272, by a manufacturer of clothing to recover the actual loss incurred in renting and equipping a factory required, during the World War, in order to make uniforms for the Government, and for which factory there was no use after the armistice. The claim, as alleged in the petition, is that the depot quartermaster at Philadelphia agreed that if the plaintiff would rent and equip the factory, "the United States, through the Secretary of War, and the contracting officer, the Depot Quartermaster, would award sufficient contracts to plaintiff, which, at a fair margin over cost, would enable it to amortize the cost of said lease, machinery and equipment," and that if sufficient contracts were not awarded to amortize the plant, the United States would save plaintiff harmless from any loss.

The Court of Claims did not find as a fact that any such contract express or implied was made. It found that the depot quartermaster, while urging plaintiff to rent and equip the factory, "stated [orally] that contracts would be placed with plaintiff which would fully reimburse it for the proposed expenditure." The court concluded, as matter of law, that there was no contract; that, if the contract had in fact been made as alleged, it would not have bound the Government, because, so far as the record disclosed, the depot quartermaster had no authority so to bind it; and that, as there was no agreement, and also because such authority was lacking, the Dent Act did not afford a remedy, 60 Ct. Cls. 97.

The contracts for uniforms given the plaintiff were cancelled by the Government. The right to cancel these is not questioned; and no claim is made here for compensation for cancelling them. Compare *Russell Motor Car Co.* v. *United States,* 261 U. S. 514; *College Point Boat Co.* v. *United States,* 267 U. S. 12, 15. The argu-

ment here consisted mainly of an effort to show, by reference in the brief to portions of the evidence introduced before the Court of Claims, that the contract sued on was made as alleged and that authority to make it had been conferred upon the depot quartermaster. The evidence is not before us; and we must accept the findings of the Court of Claims. *Rogers* v. *United States,* 270 U. S. 154, 162. Moreover, it is doubtful whether even express authorization could, under the then existing statutes, have conferred upon anyone the power to make the contract which the plaintiff has attempted to prove. See Rev. Stat. § 3732, as amended by Act of June 12, 1906, c. 3078, 34 Stat. 240, 255; Rev. Stat. § 3709, Act of July 5, 1884, c. 217, 23 Stat. 107, 109; Act of March 2, 1901, c. 803, 31 Stat. 895, 905.

The decision of the lower court was clearly correct. The Dent Act gave a remedy upon contracts irregularly made, not upon contracts made without authority. Nor did it give a cause of action on dealings which did not ripen into a contract. *Baltimore & Ohio R. R. Co.* v. *United States,* 261 U. S. 385; *Baltimore & Ohio R. R. Co.* v. *United States,* 261 U. S. 592, 596. Compare *Price Fire & Waterproofing Co.* v. *United States,* 261 U. S. 179; *United States Bedding Co.* v. *United States,* 266 U. S. 491, 492; *Merritt* v. *United States,* 267 U. S. 338, 340.

*Affirmed.*