## FRED T. LEY & COMPANY INC. v. UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 125.    Argued January 14, 1927.—Decided February 21, 1927.

In a suit to recover the cost of public liability insurance paid under
a building contract allowing reimbursement for such insurance " as
the contracting officer might approve or require," a finding by the
Court of Claims that there was no evidence that the expenditure
was required or approved will not be reviewed by this Court.
P. 387.

60 Ct. Cls. 654, affirmed.

· APPEAL from a judgment of the Court of Claims rejecting a claim for money expended for liability insurance in connection with building operations under a government contract.

*Mr. George A. King,* with whom *Messrs. William B. King* and *George· R. Shields* were on the brief, for appellant.

·*Solicitor General Mitchell* and *Assistant Attorney General Galloway* were on the brief for the United States.

MR. JUSTICE STONE delivered the opinion of the Court.

Appellant entered into a contract with the government for the construction of certain army cantonment buildings at Camp Devens, Massachusetts, upon a cost-plus basis. The contract provided for the reimbursement of the contractor for all expenditures made in performance of the contract, including the cost of " such bonds, fire, liability and other insurance as the Contracting Officer [might] approve or require; . . ." Appellant brought suit in the Court of Claims to recover the cost of public liability insurance effected by it in connection with the perform-

ance of its contract. That court found that the evidence failed to show that the liability insurance in question was ever required or approved by the contracting officer of the government or any person representing him or performing his duties, and gave judgment for the government. 60 Ct. Cls. 654.

On appeal to this Court, Jud. Code, §§ 242 and 243, before the amendment of 1925, appellant seeks to avoid the effect of this finding by pointing out that all the contracts for the construction of army cantonments during the late war were identical in form and that recovery has been allowed for the cost of public liability insurance in connection with the construction of Camp Zachary Taylor, Kentucky, in *Mason & Hanger Co.* v. *United States,* 56 Ct. Cls. 238; affirmed, 260 U. S. 323; and of Camp Grant, Illinois, in *Bates & Rogers Const. Co.* v. *United States,* 58 Ct. Cls. 392. It is urged that the records in those cases show a blanket approval by the government of the expenditures made for liability insurance in the construction of all the army cantonments. But the Court of Claims specifically found that there was no evidence that the present expenditure was required or approved. By that finding we are concluded. *Luckenbach Steamship Co.* v. *United States,* 272 U. S. 533; *Rogers* v. *United States,* 270 U. S. 154, 162. Moreover, in *Mason & Hanger* v. *United States, supra,* the court's finding was that the contracting officer had merely approved the particular insurance involved in that suit. In *Bates & Rogers Const. Co.* v. *United States, supra,* the court based its decision upon a stipulation that the case should be controlled by the decision of this Court in the *Mason* case. No substantial question is presented by the appeal.

*Judgment affirmed.*