Graham, Judge,
delivered tbe opinion of the court:
The facts of this case are fully set out in the findings and it is not necessary to recite them. Nor is it necessary to discuss the question of the plaintiff’s right to recover under the telephone service contract hereafter mentioned, as the suit is not based upon that contract, and, if it were, it is too clear for discussion that there is no provision therein under which a recovery for the claim set up in this suit could be allowed.
The plaintiff is suing, as stated in its petition and brief, to recover under the act of Congress of March 2, 1919, 40 Stat. 1272, known as the Dent Act, for the difference between the cost of installation of a switchboard for use of the War Department and the value of what it realized from the parts when the switchboard was removed. The reference to the act in the petition as the statute relied upon is in compliance with a rule of this court.
The switchboard was installed during the first half of 1918 and was completed on June 22, 1918. The claim here sued upon was presented to the Secretary of War, who referred it to the Board of Contract Adjustment, which rejected it, and on appeal to the Secretary of War the decision of the board was affirmed. Thereupon suit was. brought in this court.
By section 4 of the act of June 17, 1910, 36 Stat. 468, 531, the Secretary of the Treasury was given sole authority to make contracts for supplies for the various departments of the Government, including telephone service. In the exercise of that power, on June 23, 1916, he entered into a contract with the plaintiff to provide telephone service for the various departments of the Government in the District of Columbia for the fiscal year ending June 30, 1917; and on May 18, 1917, a similar contract was entered into for the year ending June 30,1918. During the period from August 1, 1918, to July 31, 1919, the Postmaster General was in control, under authority from the President, of telephone service. Under each of these contracts the plaintiff undertook to install and maintain such telephone equipment, at its own risk and expense, as would be required by the various departments of the Government in the District of Columbia, and to furnish service in connection therewith.
*290 The original switchboard installed by plaintiff in June, 1908, was a three-position multiple private branch exchange No. 4 switchboard; on March 23, 1917, this was increased to five positions; in August, 1917, there was an increase to nine positions; on October 1, 1917, to twelve positions; and in November, 1917, came the first suggestion with regard to the switchboard out of which this controversy arose. These several increases were made by the plaintiff without claim upon the department for furnishing the facilities necessary to meet the increased business.
It is equally clear from the facts found that the Secretary of War made no agreement with the plaintiff to pay for the switchboard, never authorized such payment, never heard it suggested, and did not know that the plaintiff contemplated submitting a claim for the same until after the armistice. Mr. Scofield, who, if anyone under the Secretary of War, had authority to make such a contract, never stated to plaintiff’s representative that the War Department would pay for the installation of or losses on the new switchboard, and the department never recognized the claim of an agreement with the plaintiff to pay for the switchboard other than by way of the usual rental provided for in the general supply contract.
It is necessary for recovery under the Dent Act that a party making a contract should have authority so to do, and in this case there is a complete absence of proof of authority. The purpose of the Dent Act was to give a. remedy upon contracts irregularly made, not upon contracts without authority. Jacob Reed's Sons v. United States, 273 U. S. 200, 202; Baltimore & Ohio Railroad Co. v. United States, 261 U. S. 592, 596.
The findings show no express contract and no facts from which a contract could be implied. The contract required by the Dent Act must be a contract in fact or an agreement implied in fact, as distinguished from an agreement implied in law. Baltimore & Ohio R. R. Co. case, sufra.
The petition should be dismissed, and it is so ordered.
Sxnnott, Judge, and Gkeen, Judge, concur.