Littleton, Judge,
delivered the opinion:
Plaintiff contends (1) that the instructions of the War Industries Board constituted an implied contract by the defendant under the act of March 2, 1919, known as the Dent Act; that a claim was duty made and legally allowed by the Board of Contract Adjustment which was conclusive and binding on both parties; (2) that if it should be held that recovery can not be had under the Dent Act the orders of the War Industries Board bring the case within the national defense act of June 3, 1916, 39 Stat. 213, and section 10 of the Lever Act, approved August 10, 1917; (3) that, the action of the War Industries Board constituted a taking of property within the meaning of the fifth amendment,, entitling the plaintiff to just compensation; (4) that in any event judgment should be rendered against the defendant under a contract of accord and satisfaction represented by the action of the Board of Contract Adjustment.
On the other hand defendant insists that the restriction placed by the War Industries Board upon the sale of wool grease was merely one of general war-time economic restrictions affecting all classes of business and did not constitute a contract nor obligate the Government to pay plaintiff for the decline in the market price; that plaintiff did not present its claim under the Dent Act prior to June 30, 1919 that the action of the Board of Contract Adjustment in purporting to make an award to the plaintiff was without authority; that before final action of this board was taken its powers had been transferred by the Secretary of War to the War Department Claims Board which rejected and denied the claim of the plaintiff; that there was no contract of accord and satisfaction and that there was no taking of plaintiff’s property entitling it to just compensation.
Under the decision in United States Bedding Co. v. United States, 58 C. Cls. 341, affirmed 266 U. S. 491, plaintiff is not entitled to recover. Furthermore, we think the plaintiff is precluded from recovering under the Dent Act for the reason that its claim was not presented within the meaning of that act on or before June 30, 1919. The informal *671 discussion of the matter with a member of the Board of Contract Adjustment prior to that date was for the purpose of ascertaining -what should be done in reference to the matter to bring it before the board and can not be considered as the presentation of a claim to the Secretary of War. Plaintiff’s attorney was sent to the auditing section of the board where he was told to present plaintiff’s claim in writing. The claim relied upon was not made and presented until March 15, 1920. Even if it could be held that the informed discussion referred to constituted a presentation of a claim, the claim was denied by the War Department Claims Board, appeal section, and no appeal was taken to the Secretary of War. The disposition of the claim by the Board of Contract Adjustment was not final before that board was dissolved and its functions transferred to the War Department Claims Board. Before the award recommended by it had been finally approved the case was considered by the War Department Claims Board and denied. There is, therefore, no basis for the claim of accord and satisfaction.
The petition must be dismissed, and it is so ordered.
Whaley, Judge; Williams, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.