FLOWERS v. BUSH & WITHERSPOON CO.

(Circuit Court of Appeals, Fifth Circuit.   December 17, 1918.)

No. 3248.

1. EVIDENCE ⬮⟿151(1)—WITNESSES ⬮⟿240(4)—EXAMINATION—LEADING QUES-
TIONS.
It was proper to refuse to allow defendant as a witness to answer a
leading question calling for undisclosed state of mind of defendant upon
a subject-matter which was vital to the case and upon which it was
impossible to contradict him.

2. GAMING ⬮⟿12—GAMING CONTRACTS.
The uncommunicated intention of either party to a contract for the
sale of cotton for future delivery, that no cotton was to be actually de-
livered, will not establish the gaming character of the transaction, and it
must appear that the parties mutually, either expressly or impliedly, un-
derstood no delivery was to be made or accepted.

3. EVIDENCE ⬮⟿134—SIMILAR TRANSACTIONS—INTENT—GAMING CONTRACTS.
In an action for breach of a contract to sell cotton for future delivery,
which defendant contended was a gaming contract, in that no actual
delivery was contemplated, evidence that similar contracts were settled
on a monetary basis by payment of difference between contract and
market price, held inadmissible; such evidence not showing intent.

4. GAMING ⬮⟿49(3)—CONTRACTS—EVIDENCE.
In an action for breach of a contract for the future delivery of cotton,
evidence held to warrant a finding that the contract was not a gaming
contract.

5. PRINCIPAL AND AGENT ⬮⟿119(1)—AUTHORITY OF AGENT—BURDEN OF PROOF.
Defendant, who relied on the cancellation of a contract by plaintiff's
agent, has the burden of proving the authority of the agent.

6. PRINCIPAL AND AGENT ⬮⟿111(1)—AUTHORITY OF AGENT—SCOPE.
Authority of an agent to make a contract does not imply authority to
cancel it.

7. PRINCIPAL AND AGENT ⬮⟿111(3)—AUTHORITY OF AGENT—SCOPE.
That plaintiff's agent accepted settlement of one contract for the fu-
ture delivery of cotton, on payment of the legal measure of damages
after breach, does not establish the agent's authority to cancel another
contract.

8. TRIAL ⬮⟿48—EVIDENCE—EXCLUSION.
Exclusion of evidence inadmissible for the purpose for which it was
offered is proper, though evidence was admissible on another theory.

In Error to the District Court of the United States for the West-
ern District of Texas; Duval West, Judge.

Action by the Bush & Witherspoon Company against Felix A.
Flowers.   There was a judgment for plaintiff, and defendant brings
error.   Affirmed.

L. T. Williams and N. B. Williams, both of Waco, Tex., for plain-
tiff in error.

J. D. Williamson, of Waco, Tex., for defendant in error.

Before WALKER and BATTS, Circuit Judges, and GRUBB, Dis-
trict Judge.

GRUBB, District Judge.   This was an action in the District Court
for the breach of two contracts for the purchase and sale each of

100 bales of cotton for future delivery. The plaintiff in error, defendant in the District Court, was the seller, and defendant in error, plaintiff in the District Court, was the purchaser. The breach was alleged by the plaintiff to have consisted in the failure of the defendant to deliver the cotton, as called for by the two contracts. The defendant set up as a defense to the first contract (that of May 11, 1916) the Texas statute (articles 538 and 539, Penal Code), which prohibits the making of contracts where no actual delivery of the cotton is contemplated by the parties, and to the second contract (that of June 21, 1916) that it was canceled by the agent of the purchaser shortly after it was entered into by the parties. The District Judge directed a verdict for the plaintiff, under both of the contracts, for the amount of the differences between the contract prices and the market prices at the dates of the respective deliveries. The court held that there was no evidence that at the time of entering into the first contract the parties to it intended to enter into a wagering or gambling contract, and that there was no evidence that the plaintiff's agent, Hooper, who it was contended had agreed to the cancellation of the second contract at defendant's request, had any authority from the plaintiff to make such an agreement.

[1, 2] The plaintiff in error complains of the action of the District Judge in refusing to permit him as a witness in his own behalf to answer this question:

"Mr. Flowers, was it your intention, at the time you made the first contract with Mr. Hooper, that actual cotton was to be delivered?"

The grounds of objection were that the question was leading, and because the secret intention of one party, not expressed to the other, was immaterial. The witness would have answered, if permitted, that it was not his intention, at the time he made the first contract, to deliver actual cotton to the plaintiff. The District Court properly exercised its discretion in refusing to permit the witness, who was a party and solely interested in the result, to answer a question which suggested the answer desired by counsel, and which called for an undisclosed state of mind of the witness upon a subject-matter which was vital to the case, and upon which it was not possible to contradict him. It is not clear that the expected evidence was competent, had the question been properly framed. The issue was whether the parties to the trade, when it was made, contemplated that there was to be an actual future delivery of the cotton. Anything said or done by either party, brought home to the other party, which reflected his intention as to delivery, would undoubtedly be material. The offer did not go to this extent. The uncommunicated intention of either or both parties would fall short of showing a gambling transaction. It must have appeared that the parties, mutually, either expressly or impliedly understood that no delivery was to be made or accepted. Showing a secret intent upon the part of one was not even competent as a step to show such a mutual understanding.

[3] The plaintiff in error also complains of the District Judge's refusal to permit his witness, H. S. Hooper, to answer this question:

"You settled those contracts [referring to contracts with others similar to those with defendant] on a money basis, did you not?"

The witness, if permitted, would have answered that on some contracts made with plaintiff for the delivery of cotton in the fall of 1916, when the sellers did not deliver the cotton, they made settlements with plaintiff by paying the difference in money between the contract price and the market price at the time of delivery. Another question of the same purport went to specific instances. The offer went no further than to show that, in instances where the seller had breached his contract by failing to deliver, the right of action for such breaches had been liquidated, without suit, upon the basis of the legal measure of damage for such breaches. The evidence did not tend to illustrate the intent of the parties when the contract was made, and it is only the then intent not to make and receive delivery that the Texas statute inhibits. If the similar instances had shown an intent not to make and receive delivery, they might have served to illustrate the intent in the instant case; but they did not. They only tended to show what transpired long after the making of the trades, and not what was in the minds of the parties when they entered into the trades.

[4] The plaintiff in error also complains that a verdict was directed against it upon the first contract. We think the testimony of the plaintiff in error himself is convincing that he contemplated making deliveries under this contract, unless providentially hindered by storms or crop failure. His unwillingness to trade until assured by Hooper that he would be entitled to liquidate his contracts, in the event of such providential interference, on a money basis, only goes to show that deliveries were contemplated, barring such disasters. The language and conduct of the plaintiff in error are satisfying that he intended to deliver the cotton, and traded on the basis of his expected ability to procure the cotton for such delivery.

[5-8] The plaintiff in error lastly complains that the court directed a verdict against him upon the cause of action based on the second contract. As to this contract, the plaintiff in error set up its alleged cancellation by agreement between defendant in error's agent, Hooper, and himself, shortly after it was made. Hooper denied such agreement. The District Court determined the issue upon the ground that Hooper was not shown to have been authorized by defendant in error to cancel. The record very clearly shows that Hooper could only make contracts for defendant in error after having been specifically authorized in each instance. It also shows that Hooper did not make the contract sued on for his principal, unless delivery of an already signed paper evidencing it, to the plaintiff in error, is to be so considered. There is a conflict as to whether or not Bush made the contract over the telephone, but no evidence that Hooper made it, otherwise than as stated. There is no evidence of Hooper's authority to cancel, unless it is to be implied from the authority to make, or from his actually having made, the contract. Both failing to be shown, and the burden being on the plaintiff in error to show the authority of the agent, the defense fails. Nor does authority to make

a contract imply authority to cancel it. Ye Seng Co. v. Corbitt (D. C.) 9 Fed. 423.

Plaintiff in error, however, contends that, if the District Court had permitted the witness Hooper to answer as to his having settled with parties, who had breached other similar contracts for his principal, there would have been evidence of his authority to cancel. The distinction between authority to bind his principal by accepting for him the legal measure of damage after breach, and releasing the seller, before breach, gratuitously, is obvious. Again, the evidence excluded was not offered by the plaintiff in error in support of the authority of Hooper to cancel the second contract, but to support the plaintiff in error's contention that the first contract was a gambling transaction. The District Court could not be criticized for excluding it for the only purpose for which it was offered, because it is now contended it might have been material for another different and undisclosed purpose.

We think the court properly ruled on the questions of evidence, and properly directed a verdict for the plaintiff upon both contracts sued on, and the judgment is affirmed.

Affirmed.