## MAGUIRE AND COMPANY *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 39.    Argued December 1, 1926.—Decided January 3, 1927.

In a sale of cloth by the Government, a description, accompanying the advertisement for bids and giving the weight per yard, is not a warranty, when bidders are invited to inspect the goods before bidding and notified that bids subject to inspection will not be received.    P. 69.

59 Ct. Cls. 575, affirmed.

APPEAL from a judgment of the Court of Claims dismissing a claim based on an alleged breach of warranty upon the part of the Government, in a sale of surplus water-proof duck.

*Mr. Harry Peyton,* with whom *Messrs. A. E. Maves* and *W. W. Bride* were on the brief, for the appellant.

*Solicitor General Mitchell* for the United States.

MR. JUSTICE SANFORD delivered the opinion of the Court.

The Maguire Company filed its petition, under the Tucker Act, to recover from the United States for the alleged breach of a contract made by the Surplus Property Division of the War Department for the sale of a certain quantity of waterproof duck. The Court of Claims, on its findings of fact, dismissed the petition. 59 C. Cls. 575. And the case was brought here by appeal under § 242 of the Judicial Code, prior to the Jurisdictional Act of 1925.

The basis of the Company's contention is that it purchased, pursuant to an advertisement by the Surplus Property Division, certain material listed as olive drab waterproof duck, weighing 12.4 oz. per yard; that this description, according to commercial usage, referred to

the weight of the duck before it had been waterproofed, and indicated that it had weighed 12.4 oz. in that condition; but that the duck delivered under the contract, although then weighing 12.4 oz. or more, had weighed only 10.5 oz. before being waterproofed, and was of less value than the 12.4 oz. duck which it had purchased.

The findings of fact show that the Zone Supply Officer at Jeffersonville, Indiana, advertised for sale a list of surplus textiles containing an item No. 20, described as 121,964 yards of waterproof duck, "width, 29 inches; color, O. D.; weight, 12.4." Attached to this list was a letter stating that the inspection of the textiles was invited and might be made at the Supply Depot at Jeffersonville, where the material was stored; but that "bids subject to inspection" would not be received. The Company, a New York corporation, after seeing this list and the accompanying letter submitted, through an authorized agent, a bid for the material listed as item No. 20, at 36½ cents per yard. This was accepted by a letter in which the materials were described as "Duck, W. P. 29", O. D. 12.4 oz." The Company paid the purchase price; and the Government delivered to it all the material listed in item No. 20.

The Court of Claims also found that samples taken from this duck, both before and after delivery, weighed 13.4 oz., or more, per yard; that there were no recognized commercial standard weights of waterproof duck—the increased weight caused by waterproofing varying according to the process and ingredients used—and that it was the commercial practice to sell waterproof duck on samples without mentioning weight; and that the Government delivered to the Company "the actual material offered and described in item No. 20" of the surplus textile list and sold by the letter of acceptance.

In support of the judgment dismissing the petition the Court of Claims in its opinion said: "Neither the plain-

tiff nor its agent inspected the material before bidding or before consummating the sale. Inspection was invited by the Government, and it was expressly stated that no bids would be received subject to inspection after the bidding. The advertisement of sale and/the letter accompanying it, which the plaintiff saw before bidding, put purchasers upon notice and charged them with the duty of seeing what they were buying before they bought. Purchasers were told, in effect, that if they bought something other than they thought they were buying they could not afterwards assert a claim upon the ground that they were mistaken in the character and quality of the materials. . . . If the plaintiff received from the Government a different material from that which it thought it had bought it is not the fault of the Government, and the plaintiff can not recover for its own negligence." And, "As a matter of fact the Government delivered to the plaintiff exactly the material which it advertised for sale."

We think that the construction and effect of the advertisement and accompanying letter were correctly stated by the Court of Claims. In view of the specific statements in the letter that inspection of the materials was invited, and that they would not be sold subject to inspection, the description of the weight of the duck cannot be regarded as in the nature of a warranty. In this aspect the present case is analogous to *Lipshitz & Cohen* v. *United States,* 269 U. S. 90, 92. There, an agent of the United States having listed junk for sale at several forts, setting forth the weights and kinds of each, accompanied by a statement that the weights shown were approximate and must be accepted as correct by the bidder, the plaintiffs, without inspection or other information, bid a lump sum for the material, " as is where is." And, although the quantities turned out to be much less than those shown in the list, it was held that the plain-

tiff's had no cause of action, since the naming of quantities "cannot be regarded as in the nature of a warranty, but merely an estimate of the probable amounts in reference to which good faith only could be required of the party making it."

This principle is conclusive of the present case. And for this reason, if no other, a motion made by the Maguire Company to remand the cause to the Court of Claims for a further finding of fact as to the weight of the duck before waterproofing, must be denied.

The judgment is

*Affirmed.*