## AMERICAN SALES CORPORATION v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
April 19, 1929.

No. 5498.

T. W. Gregory, of Houston, Tex., and Jas. W. Wayman, of Galveston, Tex., for appellant.

H. M. Holden, U. S. Atty., and Howell Ward, Asst. U. S. Atty., both of Houston, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a judgment disposing of two cases which were tried together, a jury being waived. One of the cases was an action by the appellee, the United States, to recover amounts alleged to be due under five contracts between appellee and appellant, for the sale by the former to the latter of described wagons. The claim asserted in that suit was resisted on the ground that the original contracts sued on, which fixed the price of the wagons at $55.25 each, were changed, after the terms thereof had been partially complied with and when there had been no breach of the contracts, by reducing the price of the undelivered wagons to $30.25 each, and otherwise altering provisions of the contracts, and that appellant complied with the contracts as so changed. The other suit was an action by the appellant against the appellee to recover an amount paid by appellant for wagons contracted for, but which were not delivered. For a further statement of the nature of the cases and of the facts disclosed by the evidence, reference is made to the opinion rendered by the District Judge. United States v. American Sales Corporation (D. C.) 27 F.(2d) 389. Appellant complains of the action of the court in deciding that the rights and obligations of the parties were governed by the original contracts sued on, because the official who acted for the government in making those contracts and also in signing the instruments purporting to evidence changes of provisions thereof was without power or authority to bind the government by consenting to those changes.

The Act of July 11, 1919 (41 Stat. 104, 105 [5 USCA § 211]), provides that the Secretary of War "is hereby, authorized to sell any surplus supplies * * * now owned by and in the possession of the Government for the use of the War Department to * * * any corporation or individual upon such terms as may be deemed best." It was the power so conferred which was undertaken to be exercised in the making of the original contracts. We think the power conferred includes the power to find a purchaser or one willing to buy supplies referred to, to agree on the price to be paid, to accept part of that price, and to obligate the government, by a contract or agreement

binding on it and the party dealt with, to transfer possession of and title to the subject of the contract upon the payment of the balance of the agreed price. The Secretary of War would lack the power to sell "upon such terms as may be deemed best," if he could not provide for a sale being upon such terms that the government would retain the title to, and possession of, the subject dealt with until the agreed price is paid in full. The power conferred does not remain unexercised or subject to be re-exercised so long as any provision of the contract to sell remains unexecuted or executory. We think the language of the provision in question negatives the conclusion that the action of the Secretary of War in disposing of supplies falls short of being a complete exercise of the power conferred as a result of that action being, not a present sale, but a contract to sell under which part of the agreed price is paid when the contract is entered into. A result of the making of the original contracts and partial compliance with the terms thereof was that the government acquired the right to receive from the appellant the unpaid balance of the agreed price. The official who acted for the government in entering into those contracts had only such powers as were specifically granted, and the government was not bound by his acts not within the scope of the authority conferred on him. Anthony v. County of Jasper, 101 U. S. 693, 698, 25 L. Ed. 1005; The Floyd Acceptances, 7 Wall. 666, 19 L. Ed. 169; Finn v. United States, 123 U. S. 227, 8 S. Ct. 82, 31 L. Ed. 128. The extent of that official's powers was to sell the supplies mentioned upon such terms as may be deemed best. Authority to make the original contracts does not imply authority to cancel them or to relinquish rights thereby acquired. Flowers v. Bush & Witherspoon Co. (C. C. A.) 254 F. 519. We are of opinion that the power conferred did not include the power to release the appellant from its obligation to the government to pay the balance of the price stipulated in the original contracts. Individuals as well as courts must take notice of the extent of the authority conferred by law upon a person acting in an official capacity. Hawkins v. United States, 96 U. S. 689, 24 L. Ed. 607. The official who acted for the government in making the original contracts being without authority to release rights vested in the government by those contracts, the government was not bound by his action purporting to have the effect of reducing the price of the wagons from $55.25 each to $30.25 each. We con-

clude that the ruling complained of was not erroneous.

The judgment is affirmed.