## UNITED STATES v. LASHOMB.

District Court, N. D. New York.

June 30, 1932.

Oliver D. Burden, U. S. Atty., of Syracuse.

Allan L. Gurley, of Potsdam, for defendant.

COOPER, District Judge.

This is a motion by defendant to vacate the search warrant and suppress the evidence obtained upon its execution on the ground that the affidavit upon which the search warrant was issued did not disclose probable cause for the issuance thereof. The premises are described in the search warrant as follows: "A one-story building covered with stucco *. * * being located in the Village of Massena, N. Y., and having painted over the door and window the word 'Lunch,' being located on South Main Street * * *."

It thus appears that the premises searched was a public place and not a private dwelling.

The source of the affiant prohibition agent's information and the grounds of his belief that there was unlawful possession and sale of intoxicating liquor on the premises are stated in the affidavit as follows: "On April 5th, 1932, and between 3:30 P. M. and 6:00 P. M. deponent was around in front of the building above described and made various observations as to persons who entered and left the building. Again on April 7th, 1932, deponent was in front of and around said building and again made such observations. On both of these occasions deponent observed men going in and out of the building and saw various men enter, all of whom appeared to be sober and not under the influence of liquor. Deponent observed that on these occasions the said men remained in the building for some time, or from one to two hours, and that later the same men left the building, at which time they were loud and boisterous in their manner and talk, were walking unsteadily, and appeared to be under the influence of intoxicating liquor. On April 5th, 1932, while deponent was making the observations above mentioned he noticed a man enter the building carrying nothing with him and that said man in a few minutes left the building carrying a package wrapped up in a newspaper and from the form and shape of the package it appeared to contain bottles of some description."

The defendant asserts that these facts do not show probable cause for the belief that intoxicating liquors were unlawfully sold or possessed in said premises.

■ The measure of probable cause is stated in Dumbra v. U. S., 268 U. S. 435, at page 441, 45 S. Ct. 546, 549, 69 L. Ed. 1032, in the following language: "In determining what is probable cause, we are not called upon to determine whether the offense charged has in fact been committed. We are concerned only with the question whether the affiant had reasonable grounds at the time of his affidavit and the issuance of the warrant for the belief that the law was being violated on the premises to be searched, and if the apparent facts set out in the affidavit are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of a warrant."

■ The distinction between proof sufficient to constitute probable cause and proof necessary to establish satisfaction beyond a reasonable doubt requisite for conviction is further pointed out in United States v. McGuire (D. C.) 300 F. 98, 102, affirmed by the Circuit Court of Appeals in the Second Circuit in 6 F.(2d) 576, and taken to the Supreme Court on another question, McGuire v. U. S., 273 U. S. 95, 47 S. Ct. 274, 71 L. Ed. 540.

■ The prohibition agent observed the lunch room for upwards of two hours on each of two days. On each of such days, while so watching, he saw certain men enter the premises apparently sober and orderly. Upon coming out from one to two hours later, they were loud and boisterous in their manner and talk, walked unsteadily, and appeared to be under the influence of intoxicating liquors.

A discreet and prudent man would reasonably conclude that men who were sober and orderly when they went into the premises, and were staggering and apparently intoxicated when they came out from one to two hours later, obtained and drank intoxicating liquor while inside.

It is true that the possibility that they may have brought their own liquor, or obtained it while inside from some one other than the proprietor, is not entirely excluded by the facts stated in the affidavit. But each of these two possibilities is extremely remote.

The small lunch room was evidently not a place where any amusement or entertainment of any kind was given to attract trade.

The time the men entered and left was between 3:30 p. m. and 6 p. m. and, therefore, not at ordinary meal times. There is nothing to indicate that men would be likely to be permitted to go to such a place at such a time and use the tables and chairs to drink

their own intoxicants with apparently little or no profit or return to the proprietor.

On the contrary, the danger to the proprietor of arrest and prosecution as the keeper of a nuisance under the prohibition law, arising from permitting these men to so use his place, makes it unreasonable to believe that he' would put himself in such danger, unless at a profit to himself.

It is also unreasonable to believe that these men purchased liquor inside the premises from a person other than the proprietor or his agent, for it could hardly have been done without the knowledge and consent of the proprietor; and this also would have constituted a nuisance in violation of the prohibition law by the proprietor and would have subjected him to like danger of arrest and prosecution, without profit to himself.

The great weight of probability, therefore, is that these men who entered the premises sober and left in a state of intoxication purchased the intoxicating liquor of the proprietor and drank it while within the premises.

Any question relating to the identity of the particular seller or unlawful possessor of the intoxicating liquor in the premises may be left for the trial and does not affect the validity of the search warrant. A search warrant for a described premises runs to the premises to be searched and does not depend for validity upon any identification or differentiation of the unlawful possessor or seller.

In establishing probable cause, it is not necessary to exclude every possibility that the defendant proprietor may not have committed the offense charged nor to show that the offense charged has in fact been committed, but, as has been shown, if the apparent facts set out in the affidavit are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of the search warrant.

The facts stated in the affidavit here clearly meet that test, and the motion must be denied.

The views here expressed find support in principle in the following cases: Steele v. U. S., 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757; Carroll v. U. S., 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; United States v. Borkowski (D. C.) 268 F. 408; Forni v. U. S. (C. C. A.) 3 F. (2d) 354; Fry v. U. S. (C. C. A.) 9 F.(2d) 38; Giacolone v. U. S. (C. C. A.) 13 F.(2d) 108; Lee Kwong Nom et al. v. U. S. (C. C. A.) 20 F.(2d) 470; Feitler v. U. S. (C. C. A.) 34 F.(2d) 30; Quandt Brewing Co. v. U. S. (C. C. A.) 47 F.(2d) 199, 201; Shore v. U. S., 60 App. D. C. 137, 49 F.(2d) 519.

An order may be entered denying the motion.