## CARALEIGH PHOSPHATE & FERTILIZER WORKS v. UNITED STATES.

### No. L—228.

Court of Claims.

Nov. 14, 1932.

W. N. Wood, of Washington, D. C., for plaintiff.

Erwin N. Griswold, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Charles R. Pollard and D. Louis Bergeron, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, WHALEY, WILLIAMS, and LITTLETON, Judges.

GREEN, Judge.

The plaintiff brings this suit to recover interest on a refund of and a credit for taxes paid for the year ending May 31, 1918, which refund was allowed by the Commissioner of Internal Revenue on June 14, 1924.

It is conceded by defendant that, if plaintiff duly filed a claim for refund which covered this allowance, it is entitled to interest thereon under the 1924 act (section 1019 [26 USCA § 153 note]), but defendant contends in substance that the five-year period of limitations within which such a claim might be filed expired March 15, 1924, without any proper claim for refund having been filed.

More specifically, the case turns upon the question of whether a certain claim for refund filed March 11, 1924, was sufficient in matter and form to meet the requirements of the statute.

It appears that about March 1, 1924, the Bureau of Internal Revenue wrote the plaintiff inclosing a copy of a letter prepared in connection with the adjustment of plaintiff's income tax return for 1917 and the period from January 1 to May 31, 1918, and stating that it would be necessary for plaintiff to file a claim for a refund in order that "this office may not be prohibited by the statute of limitations from issuing the certificate of overassessment after the period of limitation. A copy of the inclosed communication should be attached to the claim, in order that a specific basis of the claim may be stated." To this communication there was attached a copy of a letter which was subsequently sent to the

plaintiff stating that a re-examination of its income and profits tax return for the calendar year 1917 and the period of January 1 to May 31, 1918, disclosed certain overassessments as outlined in a statement and schedules attached. This letter also had attached to it a statement of returns examined and resulting tax liability showing the basis of the changes made by the Commissioner of Internal Revenue in reaching his determination of overassessments involved. On March 11, 1924, plaintiff filed a claim for refund for a sum much larger than the amount of the overassessment stated in the letter last referred to for the period from January 1, 1918, to May 31, 1918. The reasons stated therein upon which plaintiff based its claim for refund were, first, that the plaintiff believed that the amount of its income and profits tax for the taxable year 1918 was in excess of its true liability, and also that, if an examination was made of its returns, it would show that plaintiff had not received the benefits of deductions to which it was legally entitled, and that plaintiff was entitled to the determination of its taxes in the manner prescribed in sections 327 and 328 of the act of 1918. It was further stated that the amount claimed was purely nominal and was to be construed as representing any refund to which the plaintiff might be entitled, and a copy of the letter inclosed in the Commissioner's communication was inclosed therewith pursuant to his directions.

On March 15, 1924, the Commissioner of Internal Revenue approved an overassessment in favor of the plaintiff in the amount of $61,891.57 for the period ending May 31, 1918. Of this overassessment, the balance unpaid, $44,393.17, was abated, $6,726.62 was credited against unpaid assessment for the calendar year 1917, and $10,771.78 was shown to be refundable. On June 14, 1924, the Commissioner of Internal Revenue signed a schedule authorizing the issuance of a check for the last-named amount to the plaintiff herein, and on December 22, 1924, the Commissioner of Internal Revenue advised plaintiff of the rejection of its claim for refund. On May 17, 1930, plaintiff filed with the collector a claim for refund of interest in the amount of $3,500 more or less, to be figured on the refund allowed for the fiscal year ending May 31, 1918. This claim was also rejected.

■ We think the first claim for refund filed by plaintiff was sufficient. The reasons set out in the claim itself as a basis for the refund have already been stated. We are inclined to the view that the first two given may be properly construed as referring to the grounds stated in the Commissioner's letter as the basis of the overassessment. But in any event plaintiff complied with the Commissioner's request that a copy of the Commissioner's letter which stated the basis for the overassessment should be attached to the refund claim "in order that a specific basis of the claim may be stated." There was nothing in the body of the claim that referred to this communication, but the Commissioner must have understood that it was done pursuant to his request and for the purposes which he indicated; that is, as "a specific basis of the claim." This letter was quite specific as to the grounds upon which the overassessment was made and was entirely sufficient as a basis for a claim for refund. Counsel for defendant call attention to the fact that plaintiff asserted in the claim that it was entitled to have its tax determined under sections 327 and 328 of the Revenue Act of 1918. But the fact that plaintiff claimed a refund of more than that to which it was entitled, on other grounds from that stated in the Commissioner's letter, did not invalidate the claim made thereby.

The first claim for refund being valid and sufficient as to the amount actually refundable and subsequently refunded ($10,771.78) and the suit to recover the same having been commenced within the statute of limitations, plaintiff is entitled to recover the amount of the interest provided by law upon such refund.

■ With reference to the claim for interest upon the credit allowed it appears that the petition as originally filed stated: "The claimant has a just claim against the defendant for $3,500, more or less, same being interest on a refund of about $11,000 allowed for the year ending May 31, 1918, as shown by Schedule No. 9621."

This allegation is indefinite, but, after the expiration of the period of limitations within which an action might be commenced, the plaintiff filed an amended petition in which interest on the credit was definitely asked. On behalf of the defendant it is urged that the amended petition sets up a new cause of action and is therefore barred.

The allegations of the petition are so indefinite that the question presented is a somewhat difficult one, and, if determined solely upon technicalities, the decision might be in favor of the defendant. But the word "refund" is often used to include credits, and the petition referred to a schedule which included

both. This court has no very definite rules with reference to the question now raised, and as a matter of abstract justice the plaintiff is entitled to interest. We think the original petition taken as a whole may be construed so as to include a claim for interest on the credit, and that the objection that the amended petition sets up a new cause of action is not well founded. It follows that plaintiff is entitled to interest both upon the refund and the credit.

There is no controversy as to the rate of interest to which plaintiff is entitled or to the time for which it should be computed. Plaintiff is entitled to recover interest at the rate of 4 per cent. on $6,726.62 from December 31, 1919, to March 17, 1923, and on $10,771.78 from December 31, 1919, to June 14, 1924, or a total of $2,782.55. Judgment will be rendered accordingly.