## PENNSYLVANIA COAL & COKE CORPORATION v. UNITED STATES.
### No. M–256.

Court of Claims.
May 8, 1933.

Howe P. Cochran, of Washington, D. C. (C. Leo De Orsey, Frederick S. Winston, and William N. Wood, all of Washington, D. C., on the brief), for plaintiff.

John A. Rees and William W. Scott, both of Washington, D. C., for the United States.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

The plaintiff has stated that there is "one and only one question" to be decided in this case, and that question is: "Was the assessment on June 15, 1925, made within the statutory period of limitations?"

Upon the answer to the question of the date of expiration of the waiver of December 27, 1923, depends the answer to the question. In order to arrive at a clear understanding of the case, a brief summary of the facts is necessary. They are not in dispute. The whole case centers around the wording of the waiver executed by the taxpayer and consented to by the Commissioner.

It appears that the corporation executed on March 15, 1919, a tentative return on form 1031T with a remittance of one-fourth of the estimated tax, both of which were sent to the collector on March 15, 1919. A request for an extension of time in which to file a completed return was made. On April 14, 1919, the Commissioner issued instructions to the collectors granting a further extension of time for completing corporate returns and this notice stated: "In the case of corporations which filed form 1031T on or before March 15, a further extension, where needed, to June 15, 1919, in which to file completed returns on form 1120, is hereby granted, but all such corporations will be required to pay on or before June 15, a sum sufficient, with the amount paid on March 15th, to equal one half of the tax due as shown by the return on form 1120, together with interest at the rate of one half of 1% per month on any deficiency in the first installment."

The final or completed return on form 1120 was filed on June 14, 1919, and showed that the plaintiff had underestimated its tax in the tentative return but in making payment under the completed return plaintiff made up the deficiency on the first installment with interest. The balance of the tax was paid during the year 1919.

In December, 1923, the plaintiff executed an "Income and Profits Tax Waiver" which the Commissioner accepted and signed. The waiver stated that: "In pursuance of the provisions of subdivision (d) of section 250 of the Revenue Act of 1921 the Pennsylvania Coal & Coke Corporation, of 910 Whitehall Building, New York City, New York, and the Commissioner of Internal Revenue hereby consent to a determination, assessment, and collection of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of the said Pennsylvania Coal & Coke Corporation for the year 1918 under the Revenue Act of 1921, or under prior income, excess profits, or war profits tax acts, or under section 38 of the act entitled 'An act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes,' approved August 5, 1909, irrespective of any period of limitations. *This waiver shall remain in full force and effect for the period of one year from five years after taxpayer's 1918 return was due to be filed."* (Italics ours.)

On December 20, 1924, the Commissioner of Internal Revenue proposed an additional assessment of a deficiency of $182,445.59 for the calendar year, 1918, and advised the plaintiff of its privilege to protest and right to an oral conference. The plaintiff did protest and filed a written brief on January 13, 1925, and a conference was held on January 22, 1925. At this conference an agreement was reached that the correct tax liability of the plaintiff for the calendar year 1918 was $169,616.63 in excess of the amount previously assessed and collected. And it was further agreed that plaintiff's taxes for the years 1913, 1916, and 1917, had been overassessed in the sums of $1,029.02, $1,411.79, and $43,778.50, respectively, and these overassessments would be subsequently applied in accordance with the provisions of section 281 (e) of the Revenue Act of 1924 (26 USCA § 1065 note).

On March 26, 1925, the Commissioner of Internal Revenue notified the plaintiff, pursuant to the provisions of section 274 of the Revenue Act of 1924 (26 USCA § 1048 et seq. and notes), of the deficiency of $169,616.63 in its income and profits taxes for the

calendar year 1918 and on June 15, 1925, formally made the assessment of the amount.

The Commissioner, on June 18, 1925, determined and allowed the overassessments found by him for the years 1913, 1916, and 1917, together with interest accrued to June 14, 1925, and these sums were credited and applied to the reduction of the deficiency assessment reducing it to the sum of $123,397.32, and this underpayment for the calendar year 1918 was paid in cash by plaintiff on August 21, 1925.

Claims for refund were filed on July 18, 1929, for the years 1913, 1916, and 1917 on the ground that the overpayments for these years have been applied to a tax liability for the year 1918 at a time when collection thereof was barred by the statute of limitations and a claim for refund of $169,616.63 was also filed on the ground that the tax was assessed and collected after the statutory period had expired. The Commissioner rejected these claims. Suit was commenced in this court on July 24, 1931.

The plaintiff contends that under the wording of the terms of the waiver the "one year from five years after the taxpayer's 1918 return was due to be filed" has reference to the statutory due date for filing returns when a taxpayer is on the calendar year basis and that means March 15, 1919, and cites the cases of Riverside & Dan River Cotton Mills v. U. S., 37 F.(2d) 965, 69 Ct. Cl. 70, and the Caraleigh Phosphate & Fertilizer Works v. U. S., 76 Ct. Cl. ——, 1 F. Supp. 854, as authority for this position. These cases held the statutory due date for filing a calendar year return for the year 1918 was March 15, 1919, and we still adhere to these decisions, but under the 1918 act which was enacted on February 24, 1919, the Commissioner was authorized to extend the time for filing returns for the year 1918 under conditions to be named by him. Sections 227 (a) and 241 (a) of the Revenue Act of 1918 (40 Stat. 1075, 1082).

The Commissioner did extend the time on certain conditions until the 15th of June 1919. The fallacy in the plaintiff's position is that there has not been taken into consideration the fact that it did not file its return for the calendar year 1918 on the statutory due date, March 15, but, on the contrary, it took advantage and availed itself of the extensions for filing its 1918 calendar year return granted by the Commissioner. It did not file a completed or final return on March 15, which was the statutory due date, but filed a tentative return on form 1031T and paid one-quarter of the estimated tax for that year. Before the extended period for filing returns, June 15, 1919, had expired, the plaintiff filed its final and completed return on form 1120 and paid the second installment, together with a deficiency on the first installment. The due date for the filing of its 1918 calendar year return had been extended by the Commissioner to June 15, 1919, at its request, and it had accepted this extension and acted under it. The filing of a return on form 1031T did not start the running of the statute of limitations (Florsheim Bros. Co. v. United States, 280 U. S. 453, 459, 50 S. Ct. 215, 74 L. Ed. 542), and if it did not, then the statute did not commence to run until the filing of the final or completed return was due, June 15. There were only two returns made by the plaintiff, and if the first return did not start the statute to run, then it only could have commenced when the second return was due. That was the date on which the plaintiff was required by the act of 1918 to file its completed return under the statutory extension with conditions made by the Commissioner. The words of the waiver are: "This waiver shall remain in full force and effect for the period of one year from five years after taxpayer's 1918 return *was due to be filed.*" (Italics ours.)

There can be no doubt the five years named meant the five years in which an assessment could be made by the Commissioner. What return did the parties have in mind when the document was executed? It cannot be successfully contended that it was the statutory due date for filing calendar year returns on March 15, when both parties were fully aware that the taxpayer had been given and had accepted an extension of the due date from March 15 to June 15 and had not complied with the statutory due date, but, on the other hand, had filed its completed returns under the terms of the extended due date. In our opinion, the facts of this case are similar to, and are governed by, the decision of the Supreme Court in the case of White, Collector, v. Hood Rubber Co., 280 U. S. 453, 50 S. Ct. 215, 74 L. Ed. 542.

The Commissioner correctly held the due date for the filing of the taxpayer's 1918 return was the day fixed under the extension granted, June 15, 1919, and the waiver gave the Commissioner six years from that date to make the assessment. The Board of Tax Appeals has repeatedly held that the extension date for the filing of the final return starts the statute to run. The actions of the Commissioner were within the legal requirements

of the statute. The petition must be dismissed. It is so ordered.

WILLIAMS and GREEN, Judges, concur.

LITTLETON, Judge.

I concur on the ground that plaintiff's return for 1918 "was due to be filed" not earlier than April 29, 1919, under the specific extension of time granted by the Commissioner and the collector, as set forth in finding 3. The statute authorized this extension, and article 218 of Reg. 33, published January 2, 1918, provided that the due date of the return should be the last day on which a return was required to be filed in accordance with an extension of time granted. The waiver, therefore, extended the time for assessment to April 29, 1925. The deficiency notice under section 274 (a) of the Revenue Act of 1924 (26 USCA § 1048 note) was mailed to plaintiff March 26, 1925, and under section 277 of the act of 1924 (26 USCA § 1057 note), the statute of limitation on assessment was suspended until July 24, 1925. The assessment on June 15, 1925, was, therefore, timely. The Revenue Act of 1924 gave six years after such assessment within which to collect.

BOOTH, Chief Justice, did not hear this case on account of illness and took no part in its decision.