## ATLANTIC OIL PRODUCING CO. v. UNITED STATES.

### No. 44000.

Court of Claims.

Dec. 2, 1940.

768

Warren W. Grimes, of Washington, D. C. (H. B. McCawley, of Washington, D. C., on the brief), for plaintiff.

Hubert L. Will, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, and GREEN, Judges.

WHITAKER, Judge.

The plaintiff sues to recover interest on an alleged overpayment in respect of its capital stock liability for 1936. If there was an overpayment "in respect of" this capital stock tax, plaintiff is entitled to recover under section 614(a) of the Revenue Act of 1928, 45 Stat. 791, 876, 26 U.S.C.A. Int.Rev.Code § 3771(a), which provides: "Interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the rate of 6 per centum per annum. * * *"

On July 29, 1936, the plaintiff was contemplating dissolution. On the next day its capital stock tax was due. In view of the situation, it requested an extension of time for filing its return, and on the next day, in order to save interest, forwarded to the Collector $30,000 on account of this tax liability. This was accepted by the Collector and receipt was issued for the amount as "1936 Capital Stock Tax—Tentative Payment." On September 28, 1936, the plaintiff filed its capital stock tax return showing a tax of $15,000, which was thereupon assessed.

At the time this return was filed plaintiff by letter requested the refund of the excess payment. This not being forthcoming, plaintiff on April 27, 1937, filed a claim for refund, which was allowed and paid on June 28, 1937. No interest having been included in the amount refunded, plaintiff on July 30, 1937, filed another claim for refund of this interest, amounting to $820. More than six months having elapsed without action on this claim, this suit was brought on June 30, 1938.

The defendant says the amount paid on June 30, 1936, was not an overpayment, but merely a deposit. It says that a payment is the delivery by a debtor to his creditor of the amount due in satisfaction of his debt, and that this $30,000 was not delivered in satisfaction of a debt and, therefore, was not a payment. Manifestly this is not the sense in which the word "payment" was used. The act speaks of an overpayment, of a payment that more than satisfies the debt.

The only requirement is that the payment be made "in respect of any internal revenue tax." Plainly, this payment was made "in respect of" the plaintiff's capital stock tax liability. It was a payment of what the plaintiff estimated its tax liability to be. It was the payment of a liability then due, but the amount of which had not been ascertained. As it turned out, it was too great a payment; in other words, an "overpayment." Cf. Standard Oil Co. (Indiana) v. United States, 5 F.Supp. 976, 7 F.Supp. 301, 78 Ct.Cl. 714, certiorari denied, 293 U.S. 599, 55 S.Ct. 116, 79 L.Ed. 692; Eastman Kodak Co. v. United States, 13 F.Supp. 435, 82 Ct.Cl. 504, certiorari denied, 299 U.S. 581, 57 S.Ct. 46, 81 L.Ed. 428.

The decision of the District Court for the Southern District of New York in Moses, Executor v. United States, 28 F.Supp. 817, is to the contrary, but we are so clearly of opinion that the payment in question was one in contemplation of the statute providing for interest on overpayments that we must decline to follow this case.

It results that the plaintiff is entitled to recover of the defendant the sum of $820, for which judgment will be entered. It is so ordered.