## UNITED STATES v. ADAMS PACKING ASS'N, Inc. et al.

### No. 13815.

United States Court of Appeals
Fifth Circuit.

June 6, 1952.

Borah, C. J., dissented.

Benjamin Forman, Atty., Dept. of Justice, Washington, D. C., Herbert S. Phillips, U. S. Atty., Tampa, Fla., for appellant.

LeRoy Allen, Tampa, Fla., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This appeal is from a summary judgment against the United States in an action instituted by it to recover from Adams Packing Association, and others, alleged deficiencies in wage payments by the defendants for prisoner of war labor from April 4, 1944, to June 15, 1944.

The defendants are business firms who extensively employ unskilled labor, of which there was a great scarcity during World War II. In March, 1944, the defendants organized a voluntary joint venture known as "War Labor Camp Association," for the purpose of contracting with the United States for prisoner of war labor.

On May 1, 1944, the United States and said Association contracted for 457,600 man hours of such labor over a one year period, for which the employing Association agreed to pay 50¢ per man hour, that being the prevailing local wage for unskilled free labor. The contract was executed for the United States by Lieut. Grafft, commanding the Prisoner of War Side Camp, at Winter Haven, Florida, in which general vicinity defendants carried on their businesses.

After a thorough investigation of the matter by Lieut. Grafft and other Government officials, it was later agreed between the Association and Lieut. Grafft, acting for the United States, that because of the inefficiency of the prison labor, the contract price should be reduced from 50¢ to 37½¢ per man hour. This reduced price was paid from April 4, 1944, to June 15, 1944. This suit is brought to recover the difference, aggregating $8185.25, for the period stated. The basic question is whether or not Lieut. Grafft, as contracting officer for the United States, had authority to agree to the reduction in question. The United States asserts that he had no such authority.

The contract was entered into pursuant to the First War Powers Act, 55 Stat. 838, 839, 50 U.S.C.A.Appendix § 611, Title II of which empowers the President to authorize any department or agency of the Government to enter into contracts, in furtherance of the war effort, and Executive Order No. 9001, 6 Fed.Reg. 6787, 50 U.S.C.A.Appendix, § 611 note, issued pursuant thereto, authorizing the War Department, amongst others, to enter into contracts, and amendments and modification thereof. Said Executive Order expressly provides that the authority thereby conferred could be exercised by the several departments of government, or in their discretion and by their direction, by any "officer or officers or civilian officials" thereof. Thus the authority to act in such matters as this was conferred upon contracting officers as such, and not upon any specifically designated office or officer, although, of course, a subordinate who acted might be accountable to his superior as a matter of departmental administration.

The contract here involved provides, *inter alia,* that all disputes of fact "which are not disposed of by mutual agreement, shall be decided by the contracting officer." This dispute as to wages was settled by mutual agreement between the manager of the employing Association and the contracting officer for the United States who executed the original contract. Under the contract and regulations, his decision became final unless appealed within the time allowed. There is no provision making the contracting officer's decision contingent upon approval by his superiors, military or civil.

The United States does not question the authority of Lieut. Grafft, as contracting officer, to enter into the original contract which fixed the wage rate. We see no reason why he could not subsequently modify it, pursuant to the same authority, and in accordance with the provisions of the contract itself, the benefits of which the

United States has accepted. We have been cited to no adequate authority to the contrary, nor to any limitation in the statute or Executive Order which proscribes such action. Compare United States v. Koplin, D.C., 24 F.2d 840; United States v. West Point Grocery Co., D.C., 30 F.2d 941; United States v. Mason, 260 U.S. 323, 43 S.Ct. 128, 67 L.Ed. 286; United States v. Corliss Co., 91 U.S. 321, 23 L.Ed. 397; Mathis v. United States, D.C., 79 F.Supp. 703; James Graham Co. v. United States, D.C., 91 F.Supp. 715.

Affirmed.

BORAH, Circuit Judge.

I dissent.