# UNITED STATES v. ALEXANDER.
## No. 14,755.

United States District Court,
S. D. California, C. D.
Oct. 9, 1953.

Laughlin E. Waters, U. S. Atty. for Southern District of California, Los Angeles, by Clyde C. Downing and James C. R. McCall, Jr., Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Oregon Smith, Ontario, Cal., for defendant.

TOLIN, District Judge.

At the immediate conclusion of the trial, the Court announced its decision for defendant. The present Memorandum arises upon a motion for new trial which has been urged with great emphasis and invites elaboration upon the fallibility of the Government's position.

Defendant placed a bid pursuant to War Department Invitation for a bid of surplus property. The Invitation contained a specification, "Wheels, GP 1015, 16″ drop center." Defendant insists, and no one has testified to the contrary, that the common understanding of that description is that it applies to jeep wheels. The Invitation to bid, which became a part of the executed contract between the Government and Mr. Alexander, contains the following:

"'5 Inspection. Bidders are invited and *urged to inspect the property to be sold prior to submitting bids*. Property will be available for inspection at the times specified in the Invitation. No labor will be furnished for such purpose. *In no case will failure to inspect be considered ground for a claim.*

"'6 Sale of Property "As Is". Unless otherwise specified, all property is sold "as is"; the Government makes no guaranty, warranty, or representation, express or implied, as to the kind, size, weight, *quality, character, description* or *condition* of any of the property, or its fitness for any use or purpose; this is not a sale by sample.'"
(Emphasis is in the quoted document.)

Plaintiff asserts that "Upon the acceptance of the bid, the right vested in the Government to have performance in accordance with the terms of the contract and such right cannot be given away or surrendered by any officer of the Government. Simpson v. United States, 172 U.S. 372, 19 S.Ct. 222, 43 L.Ed. 482; United States v. American Sales Corporation, 5 Cir., 27 F.2d 389, affirmed, 5 Cir., 32 F.2d 141, * * *." There was a definite invitation to come to the premises where the wheels were supposed to be and inspect them. Alexander did not do so but submitted his bid which was accepted and thereon made payment in full within the very brief period of time required by the contract. There were other items of purchase involved which do not enter into this dispute. They were paid for by defendant and delivered by plaintiff within the contract terms. The particular item involved in this litigation was grossly mis-described. Instead of being a wheel of the type listed, it was proved at the trial that the item should have read on the bid and in the contract, "Disc and Rim (#D 32885) used on gun carriage (early manufacture) center hold 3–1/4″, studhole center to center 3–1/4″—5 stud." This is a considerably different description than, "Wheels, GP 1015, 16″ drop center" and does not even describe a complete wheel but rather part of absolete equipment for movement of cannon. Evidence adduced at the trial (Exhibit B) shows, and it is not anywhere contradicted, that the material, insofar as can be determined, has no civilian use other than retrieving its metal content and this is essentially an operation of salvage of metal rather than use of it in the form described. It also appears clear that the contracting parties talked and thought in terms of jeep wheels which are a particular type of wheel having commercial value and very different from the militarily used erroneously mis-described item on the Invitation to bid and in the contract.

The contract specifically provided that "* * * All property purchased will be removed within ten (10) days from the date of the Government's acceptance * * *." This was by an additional typed provision in the printed contract.

Within the required period of time, Alexander, having made payment in full, sent at least one motor truck a distance of approximately 375 miles from his place of business in Ontario, California to the Benicia Arsenal near Stockton, California. The personnel at the Arsenal delivered the other materials which had been purchased but were unable to find anything in the yard which bore a resemblance to the wheels as described in either the Invitation or bid. Defendant's employee, who had gone to take delivery, telephoned him that the Government would not deliver the wheels and claimed that it did not have them. He instructed the employee to stand by and personally travelled the 375 miles to the Arsenal for the purpose of obtaining the property which he had bought and for which he had made payment. The Contracting Officer for the Government finally stated that the wheels were simply not there, that there had been some error in the Invitation to bid and that Alexander was entitled to a refund of the money paid for that part of his purchase. The refund followed in usual course and Alexander's trucks removed the rest of the purchased material from the Arsenal and left without ever having been offered what is now contended was the mis-described property. No one at that time offered the material now claimed to be what defendant bought. What is now claimed to be the wheels were not recognizable by the description on the contract. No one then dealing with defendant claimed the material now insisted to be his purchase was involved in the transaction. Subsequently the Government notified Alexander that there had been a mis-description and that he was bound by the strict language of the contract with its "as is" provision above stated.

■■■■ There is no dispute but that the mis-description provided the bidder was misleading and that jeep wheels were what he was led to believe were involved. There is also no dispute but that the merchandise now claimed to have been sold did not in any way correspond to the description. It is claimed that the "as is" clause of the contract is a disclaimer of warranty and that under authority of United States v. American Sales Corporation, 5 Cir., 27 F.2d 389, and Maguire & Co. v. United States, 273 U.S. 67, 47 S.Ct. 274, 71 L.Ed. 540, as well as Cudahy Packing Co. v. Narzisenfeld, 2 Cir., 3 F.2d 567, the Government is entitled to hold defendant to the purchase of the radically different material which it now contends was included in the offer. The Court does not disagree with any of the legal authorities cited but their application here is an entirely different matter. While a mere mis-description will not vitiate the contract where warranty has been disclaimed and the purchaser was invited to inspect before binding himself, these authorities do not hold, and the Court knows of none that do, that when an item is very specifically described in a bid invitation and varies so much from what the Government had intended to place on sale that its own officers, in attempting to comply with their promise to deliver within ten days, cannot locate it in the yard, that a subsequent book identification of the entirely dissimilar material will suffice. Compelling as this set of circumstances is, the Court, however, is more strongly moved by the circumstance that like all other entities, the Government of the United States is bound to its contracts. In this instance, defendant was bound by his contract not only to pay within ten days but to take delivery within ten days. When a vendee must accept delivery within a definite time period, the vendor has a reciprocal obligation to make delivery within the same time. There is no dispute but that defendant paid. He went to extraordinary limits to take delivery but at that critical time plaintiff's Officer offered nothing to meet or be compared with the mis-description. When defendant's men, who had been sent 375 miles with heavy trucking equipment to take delivery within the specified time, called him, defendant went personally and demanded delivery of that which he had purchased and for which

he had made payment. Nothing was offered him, apparently because the semi-obsolete parts of cannon carriages, now claimed to be the purchased material, bore so little resemblance to the contracted material that the theory that they came within it, did not occur to any of the Government personnel then dealing with the transaction. By its failure to deliver what it had sold at the time appointed in the contract, the Government itself breached the contract and had timely suit been brought, was liable in damages to the defendant. Having itself breached the contract, plaintiff cannot now recover the purchase price.

■ Defendant also contended that the action is barred by California Statute of Limitations, Code of Civil Procedure § 337, Subdivision 1, and Code of Civil Procedure § 339, Subdivision 1. Had defendant been dealing with a private vendor, this would be the case, but it is clearly the rule, as expressed in United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283, that State statutes of limitations have no application against the United States.

■ It is also noted that the contract appears to have been rescinded by consent of both parties at the time of the unproductive visit of defendant to the place where plaintiff was required by contract to make, and defendant take, delivery. The Contracting Officer set aside the now litigated portion of the contract and refunded the money. It was a matter of some years before plaintiff disputed her action in doing so. Even so, the fact that the incidents of rescission were engaged in, is not disputed. The Government simply disputes the authority of the Contracting Officer saying that she had authority to make a contract but not to modify or rescind it. Section 16 of the General Provisions of the contract provides that " * * * all disputes concerning questions of fact which may arise under this contract, *and which are not disposed of by mutual agreement,* shall be decided by the Contracting Officer, who shall reduce his decision to writing." (Emphasis supplied.) It is asserted that in the absence of a statute specifically so providing, no officer or agent of the Government has authority to give away or surrender a right vested in or acquired by the Government. This is true as stated in American Sales Corporation v. United States, 5 Cir., 32 F.2d 141. The Contracting Officer, being unable to fully meet the contract, simply refunded the portion of the price which related to the material herein disputed. This was not only her right but her duty. Section 16 of the contract provides that the Officer should decide all disputes concerning "questions of fact * * * and which are not disposed of by mutual agreement." Such disposition by decision of the Contracting Officer is one possibility. It would come into play if there be a dispute. In effect, it gave one party the right to settle a quarrel in which it was a disputant. The other possibility is that such dispute would be "disposed of by mutual agreement." One or the other of these things occurred in this case. It makes no real difference which one and to determine which, depends upon nice questions not clearly developed in the evidence. It makes no practical difference for under the language of the whole contract the Contracting Officer was vested with authority which adequately supports the manifestly proper action taken by her. See United States v. Koplin, 5 Cir., 24 F.2d 840. See also, United States v. West Point Grocery, 5 Cir., 30 F.2d 941, and United States v. Adams, 5 Cir., 197 F.2d 33. There was no suggestion of fraud or abuse of authority. The very contract upon which plaintiff relies recognizes the authority and in its essential aspects the case measures up to the salutary decisions in the Koplin case and United States v. Adams.

The motion for new trial is denied.