Downey, Jvdye,
delivered the opinion of the court:
The action is for the recovery of $979 deducted from the amount otherwise due plaintiff, as liquidated damages for delay in the performance of a contract. It is averred and not disputed that the plaintiff was granted an extension of time for 47 days, but the disbursing officer in paying the final voucher for the amount found to be due plaintiff did not see fit to assume the responsibility of determining that the extension of time had been properly granted and refused payment to that extent. A claim was filed with the Auditor for the War Department, which was disallowed, and upon appeal to the Comptroller of the Treasury the action of the auditor was affirmed. While there might be some possible question on the record as to the actual granting of this extension of time by the contracting officer, it is apparent that it was so intended, and no question is raised in that respect. The other questions as presented are for consideration.
The comptroller in passing upon the matter of appeal from the auditor’s disallowance discussed the dual capacity of the United States as a contractor and as a sovereign, and concluded that the delays for which liquidated damages were deducted were not due to any of the causes for which the contract provided that the contractor might be excused. Aside from this question, plaintiff contends that the contract reposed in the contracting officer or his successor the right to determine whether or not and the extent to which the contractor was entitled to extension of time, and that the finding of that officer was conclusive upon the parties in the absence of fraud or mistakes so gx‘oss as to imply bad faith.
We find it unnecessary to discuss the view of the accounting officers with reference to the matter, since it seems to us *638 beyond question that a long line of decisions not only by this court but by the Supreme Court requires the sustaining of the plaintiff’s contention.
Provisions in Government contracts reposing in some designated official the right to determine certain questions and making his determination thereof conclusive are of frequent occurrence. Such provisions are inserted largely for the protection of the Government, and the cases in which such a determination by the designated official has been upheld by the courts have been largely cases in which the rule has been invoked in favor of the United States and against the plaintiff, but the rule is none the less effective if perchance it occasionally may operate the other way.
We regard it as unnecessary to discuss the rule in detail or to prolong an opinion by applicable extracts from the many decisions on the question. In the well considered and perhaps to be denominated leading case of United States v. Gleason, 175 U. S. 588, fundamental principles applicable to the instant case are discussed, and to that case particularly we refer without quotation. It refers with approval and quotes from the case of Kihlberg v. United States, 97 U. S. 398, in which is to be found much in aid of the rule. In addition to these authorities we also refer to the case of Brinck, Receiver, v. United States, 53 O. 01s. 170, in which Judge Hay made a very accurate and exhaustive compilation of the authorities upon this question.
There is no attempt in this case to charge the contracting officer with bad faith or with anything else than an honest attempt to do his. duty, and we must conclude that when he found that the plaintiff was entitled to an extension of time under the contract to the extent of 47 days his finding upon that question was conclusive, and the plaintiff is entitled to relief accordingly. This conclusion results in a judgment for the plaintiff in the sum of $979, and we have so directed.
Graham, Judge; Hay, Judge; Booth, Judge; and Campbell, Chief Justice, concur.