Campbell, Chief Justice,
delivered the opinion of the court:
The plaintiff contracted to construct two lock gates at each of Dams Nos. 31 and 35. The work was to be complete within a definite period after September 1, 1917. The contract was made in January, 1917, and the parties entered into a supplemental contract in August, 1918, modifying the original contract in some of its features. The plaintiff also applied to the Secretary of War for relief under the provisions of section 8 of the act of July 18, 1918, 40 Stat. 912, with the result that a contract was made increasing its compensation. The work was completed in August, 1919, at one of the dams and in September, 1919, at the other dam. In making settlement for the amount or balance due the contracting officer deducted from the same the sum of $1,470.81 made up of the item of $1,234.01 for inspection and superintendence charges and $236.80 for watchman’s services. This deduction was objected to by the plaintiff and it received payment less the deduction under protest. Subsequently plaintiff made application to the contracting officer for the payment of the sum so deducted. That officer made *547 a report of the matter to the division engineer, recommending that the amount of the deduction be paid, and this engineer in turn recommended its payment to the Chief of Engineers, who gave authority “ to remit costs of superintendence and inspection and also watchman services to the completion of the contract, or a total of $1,470.81.” In accordance with this suggestion of the contracting officer, approved by the Chief of Engineers, the amount that had been deducted on account of the items just mentioned was paid to plaintiff by the contracting officer. Subsequently, when the contracting officer’s account was being audited this payment was approved by the accounting officers and thereafter when other accounts of the contracting officer involving payment to the same contractor under other contracts were being audited it was determined in the accounting office that the payment by the contracting officer of the sum of $1,470.81 under the contract in this case was erroneous. This amount was thereupon deducted from other sums due the plaintiff under its other contracts. The suit is because of this last-named deduction, but takes the form of an action to recover as for a deduction from the amount due on the contract for gates at Dams 31 and 35.
Article 5 of the contract for the construction of these gates provides for an extension of time within, which the work could be done in case of its noncompletion within the stipulated time and proceeds:
“ Should the time limit be thus waived all expenses for inspection and superintendence after the date fixed for completion, including all necessary traveling expenses connected therewith, and all other actual losses and damages to the United States due to the delay beyond the time originally set for completion, shall be determined by the contracting officer and deducted from any payments due or to become due the contractor: Provided, however, That no charge for inspection and superintendence shall be made for such period after the date fixed for completion of this contract, as in the judgment of the contracting officer, approved by the Chief of Engineers, shall equal the time which shall have been lost through any cause for which the United States is responsible, either in the beginning or prosecution of the work, or in the performance of extra work ordered by the contracting officer, or on account of unusual freshets, ice, *548 rainfall, or other abnormal force or violence of the elements, or by strikes, epidemics, local or State quarantine restrictions, or other unforeseeable cause of delay arising through no fault of the contractor, and which actually prevented such contractor from delivering the material or commencing or completing the work within the period required by the contract. The findings of the contracting officer, approved by the Chief of Engineers, shall be accepted by the parties hereto as final.”
There can be no question that under this contract the contracting officer, with the approval of the Chief of Engineers, was authorized to remit the charges in question. His findings, approved by the Chief of Engineers, are made conclusive upon the parties and the court should give effect to the contract provisions. The question has been frequently before this court and the Supreme Court of the United States. See Penn B'ridge Company case, 59 C. Cls. 892, 897, where the authorities are collated; National Contract Co., 59 C. Cls. 441; Moran Bros. Co., 61 C. Cls. 73, 99, 111. Nor is there any doubt under the facts that the contracting officer with the approval of the Chief of Engineers remitted the charges. After paying the plaintiff the balance due less the deduction the contracting officer, upon plaintiff’s application to him, considered the same and made a full report, which was considered first by the division engineer and then by the Chief of Engineers, who approved the contracting officer’s recommendation and authorized the payment to the plaintiff of the amount withheld. The only question suggested under these facts is whether the deduction made by the contracting officer was the exercise of his right to pass upon the matter, and he having made the deduction in the first instance whether his authority to act further was thereby destroyed. It was some time after the deduction in question that the contracting officer upon the insistence of the plaintiff made his report and recommendation, concurred in by the Chief of Engineers, which resulted in the payment to plaintiff of the amount of the deductions. This action was authorized by the contract. It was a part of the administrative duty of the contracting officer to determine in the first instance the expenses of inspection and *549 other items as mentioned in article 5, and to deduct the amount of them “ from any payments due or to become due the contractor,” and, manifestly, if the contractor was satisfied with the deductions and accepted the balance without objection the transaction would be closed. But when, as here, the contractor objects to the deductions and by proper protest saves his right to question them, it is plain that in spite of his protest and in spite of his refusal to accept as a full acquittance the amount paid him, he is left without remedy unless the contracting officer can take the matter up with the Chief of Engineers and with the latter’s approval pay the sum withheld. The action of the contracting officer alone is not sufficient, and unless both he and the Chief of Engineers have acted the terms of the proviso in article 5 have not been given full effect. It would seem to be unreasonable to deny the contractor the right to receive the amount admittedly due until the propriety of deducting these smaller items of charges is determined by those whom the contract authorizes to determine it. The delay might work great hardship. We conclude that the acceptance of the amount under protest sufficiently saved the contractor’s rights, and that the contracting officer had the right to make recommendations when he did make them. It follows that the plaintiff is entitled to judgment. And it is so ordered.
Moss, Judge; Graham, Judge; Hay, Judge; and Booth, Judge, concur.