Campbell, Chief Justice,
delivered the opinion .of the court:
Attached to the petition is a copy of a contract between plaintiff and the Government purporting to be a final settlement of matters growing out of three contracts made in 1917, upon a cost-plus basis, for construction work at the Wilbur Wright Field and the McCook Field in Ohio, as well as a settlement of claims duly presented to the Secretary of War under the terms of the Dent Act. This contract ascertains the balance due the plaintiff to be a stated amount, which plaintiff agrees to accept and the defendant agrees to pay in full settlement of all items of claims then remaining unsettled, it appearing therefrom that other items had already been paid. It is executed on behalf of the United States by the contracting officer acting by the authority and under the direction of the Secretary of War. It was approved by the Air Service Section, War Department Claims Board, and bears the certificate of Assistant Secretary of War Wainwright to the effect that “ this agreement was directed and approved by me for the Secretary of War.” The plaintiff sues for the amount agreed upon ,in settlement, alleging that the settlement contract had been “presented *282 for payment and. that payment thereof was disapproved by the Comptroller General.” The question is upon the plaintiff’s right to recover.
.The facts show that under dates of May 2?, 1917, October 1, 1917, and December 19, 1917, respectively, the plaintiff and the Government entered into contracts for construction work that involved large expenditures and many items of cost. For these expenditures and costs the contractor was to be reimbursed and its compensation was to be a percentage of the same, in accordance with a graduated scale, the percentage diminishing as the cost increased. In the ascertainment of the cost the contracting officer was given large powers, but the contractor was accorded the right of appeal ¡to the Chief Signal Officer from his decision to the Secretary of War, whose decision, it is provided, should be final and binding upon both parties. The work called for by these three contracts proceeded until some time in March, 1918, when the contractor’s work was discontinued by mutual consent, there being provisions in the contracts looking to their possible termination and providing for payments to the contractor in that event. Settlements not having been reached at the time of the enactment of the Dent Act, March 2,1919, the plaintiff filed claims, involving many items, on account of alleged cost of the work. On or about October 2, 1919, payments were made to the contractor under each of the contracts and releases were executed, but with the expressed reservation in the several releases of all of the contractor’s rights in certain claims then on file with the Board of Contract Adjustment. Thereafter, on or about September 8, 1920, awards were made on some of the items of claim filed as already stated, which purport to be awards under the Dent Act by the Secretary of War. These several awards, designating the claims covered by them, were accepted by the plaintiff and were fully paid. These payments were followed by the contract in suit, dated the 26th day of July, 1921. Its recitals are not contradicted and must be taken as true. It recites in effect what we have already stated about the contracts and claims and that payments had been made from time to time, 'but that there were “ disputed items ” growing out of the contracts and orders given by the Signal *283 Corps of the United States Army, and that the amounts claimed by the contractor were described in the files and records of the Finance Contract Division of the Air Service, War Department. It further recites that the claims had been pending before the Air Service Section of the War Department Claims Board, the Board of Contract Adjustment, and the appeal section, and that “ certain decisions and findings have been rendered on various items of this claim ” and proceeds to an adjustment and settlement of the unsettled items by agreement, with the result that the unsettled claims, amounting to more than $45,000, were reduced in amount and agreed to be settled by the payment of $14,836.52, that being the sum sued for. We have referred to the several partial payments and the contract recitals because of the defense sought to be interposed by the defendant that the awards made by the Secretary of War in 1920, having been accepted by the plaintiff, preclude any further payments, the theory being that an award and acceptance are conclusive under the Dent Act. But where the award is made on distinct items of claim, leaving other items for future consideration and adjustment, it can not be said that a settlement in full was intended, especially where the officer vested with authority to make the settlements specifically agrees that such other items were not included in the awards mentioned. In such cases the awards are analogous to payments on account. The Comptroller General disallowed the claim because he-decided that the Secretary of War was <£ precluded from reopening the original awards.” In a more extended opinion under date of June 11, 1923, the Comptroller General refers to the prior payments referred to, but says: “ The claim now before this office is made up of items of alleged cost to the contractor in carrying out the contract work. They were not included in the claims heretofore awarded, settled, and paid by the War Department, nor are they covered by the receipts and releases given by the contractor on payment of those awards.” In these circumstances it can not reasonably be held that the payments, made under, the Secretary’s award, constituted a conclusive settlement or were by the parties intended to be conclusive upon the right to adjust remaining items of the claim, known to both *284 parties to be disputed items then on file. However desirable it may be, and generally is, to make one settlement covering all claims, it was within the power and authority of the Secretary of War, in awards under the Dent Act or in authorized payments of claims arising under the written contracts, to authorize payments of conceded items and hold contested items for further consideration. This is manifestly what was done, and when it is recalled that these claims were parts' of the almost innumerable claims that arose out of contracts, formal and informal, made during the war, that were before the Secretary of War in one form or another for consideration and settlement, it was both proper and just that payments should be made, as far as could be, of uncontested items. We agree with the Comptroller General that the items of claim covered by the general settlement contract, in suit, were not included in prior awards or covered by prior payments. There is nothing in the case of Delaine Mills, Inc., 57 C. Cls. 453, cited by defendant, that militates against the view here taken. After the award made in the case mentioned and payment of it, there was no further award or settlement by the Secretary of War, but suit was brought in this court instead. The acceptance of payment, without further appeal to the Secretary, was held conclusive.
It therefore appears that the contract in suit was made under the direction and approval of the Secretary of War. The original contracts made him the final arbiter of any differences that might arise between the parties. He has made his decision, and it is evidenced by the contract of general settlement. The controlling principle, namely, that it is competent for parties in contracts of the nature of those mentioned to make it a term that the decision of a designated official or board regarding matters about which disputes may arise in the performance of the work shall be "final and conclusive, has been repeatedly upheld in the absence of fraud or of mistake so gross as to necessarily imply bad faith. See Gleason case, 175 U. S. 588, 602; Merrill-Ruchgaber Co., 241 U. S. 387, 393. In Yale & Towne Mfg. Co. case, 58 C. Cls. 633, this court said:
“ Provisions in Government contracts reposing in some designated official the right to determine certain questions *285 and making bis determination thereof conclusive, are of frequent occurrence. Such provisions are inserted largely for the protection of the Government, and the cases in which such a determination by the designated official has been upheld by the courts have been largely cases in which the rule has been invoked in favor of the United States and against the plaintiff, but the rule is none the less effective if perchance it occasionally may opérate the other way.”
We conclude that the plaintiff is entitled to judgment. And it is so ordered.
Moss, Judge; Graham, Judge; and Booth, Judge, concur.