Whalet, Judge,
delivered the opinion of the court:
The plaintiff entered into a contract with the Department of Commerce to construct three lightships at a stated price. The ships were to be completed within a specified number of days from the date of the receipt of the notice to proceed with the construction. The contract contained a liquidated damage clause whereby the contractor was to pay $40 for each calendar day’s delay on each lightship. The three ships were completed and accepted but the limitation for completion on each vessel was far exceeded.
The question in this case is the number of days for which the contractor is chargeable with liquidated damages for the *719 delays occasioned in the completion of each ship. This involves the construction of the clause in article 9 of the contract which reads:
“ * * * Provided, That the right of the contractor to proceed shall not be terminated or the contractor charged with liquidated damages because of any delays in the completion of the work due to unforeseeable causes beyond the control cund without the fault or negligence of the contractor, including, but not restricted to, * * * unusually severe weather or delays of subcontractors due to such causes: Provided further, That the contractor shall within ten days from the beginning of any such delay notify the contracting-officer in writing of the causes of delay, who shall ascertain the facts and the extent of the delay, and his findings of facts thereon shall be final and conclusive on the parties hereto, subject only to appeal, within thirty days, by the contractor to the head of the department concerned, whose decision on such appeal as to the facts of delay shall be final and conclusive on the parties hereto.” [Italics ours.]
The plaintiff is suing to recover on two items which involve, first, “ unforeseeable causes ”, and second, specifically “ umMSually severe weather.”
It appears that during the construction o.f the vessels certain garboard strake plates were fabricated by the subcontractor and when delivered at the site of the work, although apparently in good condition and having been inspected before shipment, were found not to measure up to the contract requirements and were rejected. It was necessary to have new plates fabricated and shipped. This necessitated a delay of 11 days on each ship. The contractor applied for remission of damages on the ground that the delay occasioned by the furnishing of new plates was due to unforeseeable causes beyond the control and without fault or negligence on the part of the contractor. The contracting officer, upon the reports and recommendation of his subordinates, found as a fact that the causes of the delays were not due to the fault or negligence of the contractor and were unforeseeable and remitted liquidated damages on each vessel for the number of days required for the supplying of the new plates. When the contractor applied for final settlement, the Comptroller General refused to acquiesce *720 in the finding of fact of the officer in the remission of liquidated damages and assessed against the contractor the per diem sum of $40 for each vessel in the amount of $9,240. '' The Comptroller General was not. a party to the contract. It was the duty of the contracting officer, under the terms of the clause of the contract above set out, to ascertain the facts and the extent of the delay. The contract stated that his findings of fact should be final and conclusive on the parties. The contracting officer did perform his duties under the terms of this clause of, the contract and found that the contractor was not to be, charged with the 77 days’ delay due to the furnishing of the new plates, and this finding by the contracting officer is not reviewable by the Comptroller General or the courts. What is an unforeseeable cause of delay is a question of fact and when the contracting officer made his decision that these causes were unforeseeable, that the contractor was not negligent and was without fault in respect to- them, it was a final disposition of the matter. Neither fraud nor bad faith is alleged or proven. The court cannot go behind the decision of the contracting officer where the contract makes him the final arbiter of the facts of the case unless there has been fraud or such gross error which, in effect, would imply bad faith. The cases in this court and the Supreme Court so holding are numerous. Kihlberg v. United States, 97 U.S. 398; United States v. Gleason, 175 U.S. 588; Penn Bridge Co. v. United States, 59 C.Cls. 892. See also Carroll v. United States 76 C.Cls. 103, where all the cases are fully reviewed. The action of the Comptroller General in denying plaintiff the relief granted by the contracting officer was without warrant of law. See Sun Shipbuilding and Dry Dock Company v. The United States, 76 C.Cls. 154, 193.
The defendant does not attempt to- impeach the good faith of the contracting officer in the decision made by him, but insists that his decision was based on the investigation of his subordinates who committed gross error in reporting and recommending to him that the failure of the garboard strake plates furnished by the subcontractor to meet the specifications of the contract was due to causes unforeseen and with *721 out negligence on tbe part of the contractor or subcontractor. The clause in the contract applies equally to the subcontractor as well as to the contractor.
The contracting officer arrived at his decision only after receiving the reports and recommendation of his subordinates on whose integrity he had a right to rely. What circumstances and information were brought to his attention to cause him to arrive at his ascertainment of the facts are beyond judicial consideration without the establishment of fraud or such gross error which would imply bad faith. It is not beyond the bounds of conjecture that he was furnished with information which showed the utmost care on the part of the subcontractor and the contractor to strictly comply with the terms of the contract in furnishing the strake plates and that, due to hidden causes beybnd human control, defects occurred which undoubtedly would be classed under the head of unforeseeable causes. There is a wide difference between patent and latent defects, the latter excusable and the former inexcusable. Latent defects are those which are not discernible to the eye and are so secret in their nature as to be put in a class for which liability is not accorded. The contracting officer doubtless took these equities into consideration, and his decision on the facts cannot be disturbed on a mere surmise. The contracting officer was a high Government official and had been entrusted by both parties to the contract as the final arbiter of all questions of fact which involved delays in the execution of the contract. It is not within the range of belief, without actual proven fraud, that he did not accord the Government its fair measure of consideration in arriving at his decision. It is seldom that a case arises like the instant case, where the contractor is upholding the decision of the contracting officer and the Government is attempting to overthrow the decision of the officer appointed and designated by it to contract and carry out the terms of the undertaking. Unless proven to the contrary, full faith and credit should be accorded an officer of the Government in arriving at a decision which requires fair and impartial action on his part. From an investigation of the whole case, we are *722 of the opinion that the findings of fact made by the contracting officer were amply and fully justified. Having found the facts, the law of the contract entitled the contractor to the relief afforded him by the contracting officer.
The plaintiff is entitled to recover the sum of $9,240.00 which was withheld by the Comptroller.
The second item involves the delay occasioned by unusually severe weather. The contractor applied for the remission of 67 days’ delay caused by bad weather. The contracting officer decided that during the performance of the contract the plaintiff had been delayed because of unusually severe weather in the number of 67 days. However, after making the findings of fact that the unusually severe weather had delayed the plaintiff this number of days, the contracting officer deducted 28 days, ascribing as his reason therefor that the contractor should have anticipated at least one day a month for bad weather during the period of the contract. This, we think, is error of law. The contract provided that the contracting officer should ascertain how many days the contractor was delayed due to providential causes and, having found that fact to be the number of days claimed by the plaintiff, there is no provision in the contract which allows the contracting officer to reduce the number of days for which the contractor should not be liable by the deduction of what, in his opinion, should have been taken into consideration by the contractor before the contract was entered into. We are confined to the terms of the contract. Conjecture of what should be in it affords no aid in its interpretation. In our opinion, the contracting officer wrongfully interpreted the contract when he attempted to reduce the number of days which he found the completion of the ships had been delayed, due to weather conditions, which were provided for in the contract.
The law of the contract entitled the plaintiff to the number of days’ delay found by the contracting officer to be due to weather conditions. The provision in the contract that the decision of the contracting officer shall be final as to question of fact refers only to his findings of fact and not to the principles of law on which it is made. It is the province of the court to determine the law of the contract. *723 See Lyons v. United States, 30 C.Cls. 352, 365, and Collins and Farwell v. United States, 34 C.Cls. 294, 332.
The plaintiff is entitled to an allowance for the 28 days deducted by the contracting officer because of the delays occasioned by bad weather at the rate fixed in the contract, namely $40 per day, or the sum of $1,120. •
The plaintiff is entitled to judgment for the sum of $10,360. It is so ordered.
Williams, Judge; Littleton, Judge; Geeen, Judge; and Booth, Chief Justice, concur.