Whalev, Judge,
delivered the opinion of the Court:
The contract in this case provided that the contracting officer should ascertain the facts and the extent of the causes of delay and his findings of facts “shall be final and conclusive.” The contracting officer was the architect of the capitol and he did make a finding of fact that the contractor had been unavoidably delayed by unforeseen events beyond his control and without fault or negligence. The Comptroller General subsequently decided that the contractor was liable for 9% days’ delay and deducted liquidated damages in the sum of $1,662.50. Neither fraud nor bad faith is alleged or proven. This court and the Supreme Court by numerous decisions have held there is no going behind the decision of the contracting officer when the contract provides that “his finding of facts therein shall be final and conclusive on the parties thereto.” The action of the Comptroller General was without legal authority. Kihlberg v. United States, 97 U. S. 398; United States v. Gleason, 175 U. S. 588; Sun Shipbuilding & Dry Dock Co., *410 76 C. Cls. 154; Penn Bridge Co. v. United States, 59 C. Cls. 892; Carroll v. United States, 76 C. Cls. 103, where all the cases are fully reviewed; Albina Marine Iron Works Inc. v. United States, 79 C. Cls. 714.
The plaintiff is entitled to recover the sum of $1,662.50. It is so ordered.
Williams, Judge; Littleton, Judge; Geeen, Judge; and Booth,t Chief Justice, concur.