Whaley, Judge,
delivered the opinion of the court:
The material allegations of the petition to which the defendant demurs are as follows:
That the plaintiff, a Pennsylvania corporation, entered into a written contract with the defendant, represented by its contracting officer, the Architect of the Capitol, and duly approved by the Joint Commission to Acquire a Site and Buildings for the Library of Congress, in consideration of a specified sum and agreed to provide all labor and material and to perform all work required by the contract, drawings, and specifications for the excavation for and construction of foundations for an annex to the Library of Congress, Washington, D. C., a copy of which contract is attached to the petition marked “Plaintiff’s Exhibit A” and made a part thereof.
That the specifications, which were a part of the contract, provided:
14. LABOR DISPUTES: Supplementing Article 15 of the Standard Government Form of Contract (Standard Form No. 23), all labor issues arising under the contract which cannot be satisfactorily adjusted by the contracting officer shall be submitted to the Joint Commission to acquire a Site and Additional Buildings for the Library of Congress.
16. WAGES: (a) All employees directly employed on this work shall be paid just and reasonable wages, *603 which shall be compensation sufficient to provide, for the hours of labor as limited, a standard of living in decency and comfort. The contractor and all subcontractors shall pay not less than the minimum hourly wage rates for skilled and unskilled labor as follows:
Skilled labor $1.10
Unskilled labor . 45
* * * * *
(c) In the event that the prevailing hourly rates prescribed under collective agreements or understandings between organized labor and employers on April 30, 1933, shall be above the minimum rates specified above, such agreed wage rates shall apply: Provided, That such agreed wage rates shall be effective for the period of this contract, but not to exceed 12 months from the date of the contract.
* Hi Hi * sit
(e) The minimum wage rates herein established shall be subject to change if approved by the Joint Commission to acquire a Site and Additional Buildings for the Library of Congress on recommendation of the contracting officer. In the event the Joint Commission to Acquire a Site and Additional Buildings for the Library of Congress acting on such recommendation approve different minimum wage rates, the contract price shall be adjusted accordingly on the basis of all actual labor costs on the project to the contractor, whether under this contract or any sub-contract.
(f) All labor issues arising under the operation of this contract and as may result from fundamental changes in economic conditions during the life of this contract shall be submitted to the contracting officer, who may refer them to the Joint Commission to Acquire a Site and Additional Buildings for the Library of Congress. Decisions of the Commission on such issues shall be binding upon all parties.
That the petitioner had entered into a contract and agreement with organized labor in the District of Columbia whereby it was agreed that the carpenters employed by petitioner on this project were to receive an hourly wage of $1.10; that on May 1, 1934, without warning and through no fault of the petitioner, the said carpenters refused to work on the project for the hourly wage specified in the subcontract which plaintiff had with organized labor in *604 the District of Columbia and demanded an increase in the hourly wage; and that on the same day, immediately after the strike began, petitioner wrote to the contracting officer giving him notice of the strike, in order that the contracting officer might act in the settlement of the strike in the manner provided in the contract.
That it was the mandatory duty of the contracting officer, representing the defendant, to take immediate steps to settle the strike, and upon his failure to accomplish a settlement to immediately refer the same for settlement to the Commission to Acquire a Site and Additional Buildings for the Library of Congress, and that it was the duty of the Commission, when the matter had been refererd to it, to use every means at its command to effect a settlement of the labor dispute.
That the contracting officer failed, neglected, and refused to refer the matter to the Joint Commission to Acquire a Site and Additional Buildings for the Library of Congress, thereby breaching the contract between the petitioner and the defendant which resulted in serious damage to the petitioner.
That the striking carpenters remained out for a period of 65 days at the end of which period the striking carpenters were required to return to work without any increased pay as had been demanded by them.
That as a result of the strike the plaintiff’s plant remained idle and its equipment sustained deterioration which resulted in a loss of some thirty thousand and odd dollars.
That the petitioner had sued in this court on this contract for liquidated damages imposed by the Comptroller General and that judgment had been rendered in its favor and the judgment had been duly paid and satisfied. 83 C. Cls. 405.
The plaintiff contends that under the terms of the contract and specifications attached thereto it was the mandatory duty of the contracting officer to refer the dispute between the contractor and the carpenters employed by it to the Commission and had this course been followed the strike of the carpenters would have been settled by the Commission; and that the failure of the contracting officer *605 to refer the dispute to the Commission was a breach of -contract resulting in a loss to the plaintiff for which it should -recover compensation. The defendant by its demurrer asserts that these allegations are conclusions of law and a matter of opinion which are not admitted by the demurrer and without such admission the complaint does not show a cause of action. It is well settled that a demurrer only admits facts well pleaded in the pleading demurred to. Conclusions of law or the correctness of any opinion by ■the pleader are not admitted by the demurrer. Equitable Life Assurance Society v. Brown, 213 U. S. 25, 43; and St. Louis, etc. Railroad v. United States, 267 U. S. 346, 349.
However, we do not think it necessary for us to pass on the merits of the demurrer for, whether it is overruled or not, the plaintiff cannot, recover in any event. There is an allegation in the complaint which bars recovery and of which the court would have to take cognizance whether alleged by the plaintiff or brought to the attention of the court by the pleadings of the defendant. On July 5, 1935, plaintiff brought suit in this court on the same contract to recover liquidated damages which had been assessed by the Comptroller General. On May 4, 1936, this court rendered judgment in favor of the plaintiff holding that, under the terms of the contract, the plaintiff was not liable for liquidated damages, as the contracting officer, who was the final authority under the contract, had held that plaintiff was not liable for the delays and the action of the Comptroller General, in assessing liquidated damages, was unwarranted.
Plaintiff is barred from bringing a second suit on the same contract. It has been held by this court that a single cause of action on an entire claim or demand may not be split or divided so as to be made the subject of different actions, and, where claims, cognizable in an action, were not presented therein, they may not be the subject of a subsequent suit between the parties. A suit to recover additional compensation for the performance of a contract, predicated upon the terms of the contract, of necessity involves any claims which may be asserted as due under the contract. Electric Boat Company, a Corp., v. United States, 81 C. Cls. 361.
*606 Plaintiff’s claim is predicated upon the same contract which was sued upon for the recovery of liquidated damages and should have been asserted in that suit.
The demurrer is sustained and the petition is dismissed. It is so ordered.
Williams, Judge; LittletoN, Judges Geeen, Judge\ and Booth, Chief Justice, concur.