Whaley, Chief Justice,
delivered the opinion of the court
The facts in this case have been stipulated and show that the contracting officer found the delays for which liquidated damages were charged against the plaintiff were due to unforeseeable causes beyond the control and without the fault or negligence of the plaintiff.
The sole question involved is one which is similar in all respects to that decided by the court in the case of Albina Marine Iron Works, Inc. v. The United States, 79 C. Cls. 714, 720, in which the court held:
* * * What is an unforeseeable cause of delay is a question of fact and when the contracting officer made his decision that these causes were unforeseeable, that the contractor was not negligent and was without fault in respect to them, it was a final disposition of the matter. Neither fraud nor bad faith is alleged or proven. The court cannot go behind the decision of the contracting officer where the contract makes him. the final arbiter of the facts of the case unless there has been fraud or such gross error which, in effect,, would imply bad faith. The cases in this court and the Supreme Court so holding are numerous. Kihlberg v. United States, 97 U. S. 398; United States v. Gleason, 175 U. S. 588; Penn Bridge Co. v. United States, 59 C. Cls. 892. See also Carroll v. United States, 76 C. Cls. 103, where all the cases are fully reviewed. The action of the Comptroller General in denying plaintiff the relief granted by the contracting officer was without warrant of law. See Sum, Shipbuilding and, Dry Dock Company v. The United States, 76 C. Cls. 154, 193.
The retention of $5,360, as liquidated damages, by the defendant from moneys otherwise due the plaintiff being unwarranted, plaintiff is entitled to recover. It is so ordered.
Littleton, Judge; and Green, Judge, concur.
Whitaker, Judge, took no part in the decision of this case,.