**JAMES GRAHAM MFG. CO. v.
UNITED STATES.**

No. 28823.

United States District Court,
N. D. California, S. D.

June 6, 1950.

Allan P. Matthew, Gerald H. Trautman, Gordon M. Weber, and McCutchen, Thomas, Matthew, Griffiths & Greene, all of San Francisco, Cal., attorneys for plaintiff.

Frank J. Hennessy, United States Attorney, and Antoinette E. Morgan, Assistant United States Attorney, San Francisco, Cal., attorneys for defendant.

GOODMAN, District Judge.

Plaintiff has fully performed two cost-plus-fixed-fee contracts with the United States (Navy Department), the first entered into on November 7, 1942, and the second on July 1, 1944. As work was performed under the contracts, plaintiff periodically submitted invoices containing statements of the costs incurred. Pursuant to the terms of the contracts, the Bureau of Supplies and Accounts of the Navy examined the invoices and determined that the cost items set forth were reimbursable to plaintiff. Among the cost items approved were those for charitable donations, membership dues in certain organizations, legal and auditing fees, subscriptions to periodicals, employees' dinners, traveling expenses, courtesy gifts to railroad and postal employees, employees' pensions, and certain overhead expenses totaling $13,199.51. The designated Navy Disbursing Officer reimbursed plaintiff for these costs. On May 13, 1947, the Comptroller General of the United States noted an exception to the account of the Disbursing Officer on the ground that the cost items set forth above should not be reimbursable to plaintiff under the contracts. Upon a further audit of the cost statements, the Bureau of Supplies and Accounts concurred in the opinion of the Comptroller General as to cost items totaling $5,312.96. But, as to costs of $7,886.55 for certain of the charitable donations, certain of the membership dues, and the legal and auditing fees, the Bureau reaffirmed its previous determination that they were properly reimbursable to plaintiff. On

May 13, 1948, the Comptroller General again excepted to the account ·of the Disbursing Officer, and refused to accept the Bureau's decision that the charitable donations, membership dues, and legal and auditing fees were reimbursable. Because of the ·exception by the Comptroller General, the Navy Disbursing Officer has withheld $7,886.55 from· the final payment for the work under the contracts. Plaintiff seeks summary judgment against the United States for this amount.

█ Upon the undisputed record, no disagreement exists between plaintiff contractor and the· Navy Department with whom plaintiff contracted. Nor is any material or genuine factual issue raised on the motion. Rule 56, F.R.'C.P. 28 U.S.C.A. Since the Navy Department concedes the correctness of plaintiff's claim, there is no reason for plaintiff to exhaust the contractual administrative ˙settlement procedure,[1] by appealing to the Secretary of the Navy, as a prerequisite to court action.

Another officer of the United States government, the Comptroller General, who has general control of the government's purse strings, has refused to sanction payment of the account which the Navy Department has approved. The question tendered by the motion is: Has he power to determine that payment shall not be made?

█ The powers of the ·Comptroller General· are extensive and· broad.[2] ·But he does not, absent fraud or overreaching, have authority to determine the propriety of contract payments when the contracts themselves vest the final power of determination in the contracting executive department. United States v. Mason & Hanger Co., 1922, 260 U.S..323, 43 S.Ct. 128, 67 L. Ed. 286; United States v. Moorman, 1950, 338 ·U.S. 457, 70 S.Ct. 288; John H. Mathis Co. v. United States, D.C.N.J.1948, 79 F. Supp. 703; Penn Bridge Co. v. United States, 1924, 59 Ct.Cl. 892; Carroll v. United States, 1932, 76 ·Ct.Cl. 103; McShain Co. v. United States, 1936, 83 Ct.Cl. 405; H. W. Zweig Co. v. United States, 1941, 92 Ct.Cl. 472.

█ True, the contracts in suit do not ·expressly state that the Navy Bureau of Supplies and Accounts' determination of the .reimbursable costs shall be conclusive. But the most likely intention to be deduced from what is said is that the Bureau's decision should govern. ·And, at ·all events, there.is no doubt but that the parties intended that the question of reimbursable costs should be settled within the Navy. Department.[3] For the Secretary of the Navy is vested by the contracts with the power to finally determine all disputes for which the contracts do not specifically provide any other mode. of settlement.[4]

---

1. "Except as otherwise specifically provided for in this contract, disputes arising under this contract or concerning anything in the job orders, drawings, plans, specifications or tests, which are not settled to the mutual satisfaction of the Commanding Officer and the Contractor, shall be referred . to the Contracting Officer for determination, and his decision in the premises shall be conclusive and binding upon both parties to this contract subject to appeal within thirty (30) days to the Secretary of the Navy. No claim arising under this contract shall be considered unless submitted in writing to the Secretary of the Navy within six (6) months from the date of completion of the work under the job order affected." Article 29, Contract of November 7, 1942, Article 30, Contract of July 1, 1944.

2. For discussions of the powers and duties of the Comptroller General and the General Accounting Office which he heads see, Mansfield, The Comptroller General (1939); D. H. Smith, The General Accounting Office, Institute for Government Research, Service Monograph No. 46 (1927); Willoughby, The Legal Status and Functions of the General Accounting Office (1927); Foster, "The General Accounting Office and Government Claims," 16 District of Columbia Bar Association Journal 193, 275, 321 (1949); Naylor, "The General Accounting Office," 4 Federal Bar Association Journal 101 (1940); Langeluttig "Legal Status of the Comptroller General of the United States," 23 Illinois Law Review 556 (1929).

3. For an opinion in which a virtually identical contract was so interpreted see John H. Mathis Co. v. United States, D.C.N.J.1948, 79 F.Supp. 703.

4. See note 1.

The Comptroller General and this Court might perhaps question the policy of reimbursing cost-plus contractors for association dues and charitable contributions. But the contracts permit reimbursement for expenditures of this general character. And the Navy Department's decision that these particular dues and contributions are reimbursable is not arbitrary or unconscionable.

Since the Navy Department has determined that plaintiff contractor is entitled to the payment sought, this Court must adjudge accordingly.

Plaintiff's motion for summary judgment is granted and defendant's motion for judgment in its favor is denied.